ALTHEN, Appellant, v.

CITY OF MT. VERNON, et al., Respondents

(42 N. W.2d 231)

(File No. 9080. Opinion filed April 11, 1950)

John Carl Mundt, Sioux Falls, for Appellant.

Fred D. Shandorf, Mitchell, for Respondents City of Mt. Vernon and Lee Hamiel, Mayor.

Morgan & Fuller, Mitchell, for Respondent Farmers & Merchants Telephone Co.

SICKEL, J. Defendants petitioned for the dismissal of plaintiff's appeal from a judgment entered in this action on October 19, 1948. Written notice of the entry of the judgment was served personally upon attorneys for plaintiff on October 29, 1948. Notice of appeal and undertaking on appeal were served personally on attorneys for defendants on April 30, 1949. Defendants contend that the appeal was not taken within six months after notice of the entry of judgment as required by SDC 33.0702, as amended by Ch. 124, S.L. 1943.

The above statute provides that an appeal from a judgment "must be taken within six months after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party." The word "month" means a calendar month regardless of the number of days it may contain. Daley v. Anderson, 7 Wyo. 1, 48 P. 839, 75 Am.St.Rep. 870. The period of time when computed in months, "* * * runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month". 62 C.J.,

Time, § 18. In all such cases the period of time allowed "is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded". SDC 65.0403.

The "first day" referred to in the above statute is the date of the notice of entry of judgment, October 29, 1948, and that day is excluded from the reckoning by the above statute. Therefore the first day of the six-month period allowed for appeal was October 30, 1948. The "last day" also referred to in the above statute is the day in the month of April which corresponds with the date in October on which notice of entry of judgment was served to wit: October 29. April 29th is included, and marks the end of the period during which the appeal might have been taken. The period from the beginning of October 30, 1948, and continuing to the end of April 29, 1949, comprises the full six months allowed by statute for taking the appeal. The time for appeal in this case had, therefore, expired on April 30, 1949, when notice of appeal and undertaking were served upon defendants.

Appellant also contends that the motion for a new trial, made subsequent to the judgment, extended the time for appeal from the judgment to a date six months after the order denying the motion for a new trial was entered, or after notice of the entry of such order was given. Under our statutes, appeals from judgments must be taken within six months after the entry thereof, and such time is not extended because of a pending motion for a new trial. Keyes v. Baskerville, 41 S.D. 214, 170 N.W. 143.

The motion to dismiss the plaintiff's appeal is granted.