(No. 35768, 35883 Cons.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH GILBERT, Plaintiff in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* S. T. MOORE, Plaintiff in Error.

*Opinion filed March 23, 1962.*

DONALD J. BROOKS, and HARVEY X. KOLOMS, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

These cases turn upon the construction of section 18 of division XIII of the Criminal Code, which commands that "Any person committed for a criminal or supposed criminal

offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court * * *." (Ill. Rev. Stat. 1959, chap. 38, par. 748.) The question presented is whether this provision is satisfied by a trial within four calendar months from the date of a defendant's commitment, or whether the trial must be had within 120 days from that date.

The defendants, Joseph Gilbert and S. T. Moore, were arrested on May 7, 1959. An indictment charging them with burglary was returned on May 19, 1959, and the case went to trial on June 9. It was submitted to the jury on June 10, and a mistrial was declared on that date because the jury was unable to reach a verdict. The second trial was commenced on October 9, 1959. The defendants had not been admitted to bail, and their timely motion for discharges under the statute had been denied. They were convicted and sentenced to the penitentiary, and their cases were brought here on separate writs of error. After Gilbert's case was submitted, Moore moved to consolidate the cases for opinion, on the briefs and oral arguments in Gilbert's case. Because the situations in the two cases were identical, the motion was allowed.

The State's position is that the statutory four-months period from the date of the mistrial did not expire until October 10. The defendants contend that since October 9 was 121 days after the date of the mistrial, they were entitled to be discharged under the statute. They point out that under the construction urged by the State the number of days that a man may be held before trial will vary, depending upon the month in which he was arrested. For persons arrested in January, February or November the maximum period would be 120 days; for those arrested in December, 121 days; in March, April, June, August or September, 122 days; in May, July or October, 123 days. Leap years would alter some of these periods.

The issue thus raised does not appear to have been squarely decided by this court. In *People* v. *Utterback,* 285 Ill. 239, 242, upon which the defendant relies heavily, the court observed that the General Assembly had interpreted the constitutional requirement for a speedy trial "to mean that a person held without bail on a criminal offense for more than 120 days shall be discharged * * *." The remark was made in passing, however, and the present issue was not there before the court. On the other hand, in *People* v. *Rankins,* 18 Ill.2d 260, 263; *People* v. *Tamborski,* 415 Ill. 466, 471-2; and *People* v. *Hannon,* 381 Ill. 206, 208, the court used language indicating that the statutory period was to be computed on a calendar-month basis. But as the defendants point out, the first of these opinions is inconclusive on its face, and in the other two the elapsed time, computed on a calendar-month basis, equalled 120 days. In *People* v. *Falley,* 366 Ill. 545, however, the defendant's claim that he was entitled to be discharged under the statute was rejected, although 122 days had elapsed between his commitment on July 17, 1936, and his trial on November 16, 1936, but the present issue was not raised.

Despite the discrepancies that the defendants emphasize, it has been held in a host of differing situations that the term "month" means a calendar month. The method of computation announced in *Migotti* v. *Colvill,* 4 C.P. Div. 233 (1879) has crystallized in the following form: the period "is computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month, except where the last month has not so many days, in which event it expires on the last day of that month." *Ropiequet* v. *Aetna Life Ins. Co.* 309 Ill. App. 346, 355; see, term of imprisonment, *Migotti* v. *Colvill,* 4 C.P. Div. 233; *contra, McKinney* v .*State,* 43 Tex. Cr. App. 387, 66 S.W. 769 (1902) ; insurance policies, *Greulich* v. *Monnin,* (Ohio App. 1942) 45 N.E.2d 212, 218, 219;

*Gardner* v. *Universal Life & Acc. Ins. Co.* (Tex. Civ. App. 1942) 164 S.W.2d 582, 583; promissory notes, *Evilsizor* v. *Speckbaugh,* (Ohio App. 1949) 88 N.E.2d 296, 298; holding periods under the capital gains provisions of the Internal Revenue Code, (*Fogel* v. *Commissioner,* (5th cir.) 203 F.2d 347, 349 (1953); time for appeals, (*Allbritten* v. *National Acceptance Co. of Chicago,* 183 Kan. 5, 325 P.2d 40 (1958); *In re Lynch's Estate,* 123 Utah 57, 254 P.2d 454 (1953); *Althen* v. *City of Mount Vernon,* 73 S.D. 299, 42 N.W.2d 231, 232 (1950).

We are of the opinion that the legislature meant a period of four months. That is what it said. To uphold the defendants' contention it would be necessary to ignore or override the explicit provision of section 1.10 of the Statutory Construction Act, which states that " 'Month' means a calendar month, * * * unless otherwise expressed." (Ill. Rev. Stat. 1959, chap. 131, par. 1.10.) Section 18 of division XIII assumed its present form by amendment in 1933. Numerous other provisions of the Criminal Code were amended by the same bill, in order to de-emphasize the significance that had theretofore attached to the beginning and expiration of "terms of court." Other sections of this amendatory bill demonstrate that when the legislature meant to specify a particular number of days, it said so. Laws of 1933, p. 477*ff.*

Although the defendants' argument is directed primarily at the construction of the statute, they also suggest that apart from statutory considerations they were denied their constitutional right to a speedy trial. (Const. art. II, sec. 9.) The interval between arrest and commencement of the second trial was 156 days, and the first trial took place 35 days after their arrest. Under these circumstances, we think that their right to a speedy trial was not violated.

Our decision in this case does not mean that in every instance of a mistrial, the full statutory period begins to run anew, regardless of the length of time that has already

elapsed. The overriding consideration is the constitutional right to a speedy trial, and where delay is not attributable to the defendant, that right is not measured by aggregating successive periods of four months each.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*