(No. 36164

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE TILLMAN, Plaintiff in Error.

*Opinion filed February 1, 1963.*

ERNEST K. LOEHLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

By writ of error the defendant, Willie Tillman, seeks to reverse his conviction of murder, having been found guilty by a jury and sentenced to 25 years imprisonment in the penitentiary by the criminal court of Cook County. He urges as grounds for reversal (1) that he was not tried within the time provided by the provisions of section 18 of division XIII of the Criminal Code, (2) improper argument of the State's Attorney at the close of the case, (3) that the evidence failed to show malice aforethought

beyond a reasonable doubt and (4) that the evidence failed to show a requisite intent on the part of the defendant to commit murder.

An examination of the supplemental record filed by the People reveals that the offense occurred on January 31, 1960, and defendant was taken into custody the same day. The indictment was returned on February 9, 1960, and defendant arraigned on February 23, 1960, at which time he was represented by private counsel, pleaded not guilty and requested a jury trial. The cause was subsequently continued to March 28, 1960, on which date defendant's counsel moved for a continuance, which was allowed, and the cause was continued to May 2, 1960, at which time, by stipulation of defendant's counsel, the cause was continued to June 7, 1960. The trial commenced June 27, 1960. The statute specifically excepts from the operation of the rule those cases where the delay happens upon the application of, or with the consent of, the prisoner. Here the defendant's counsel requested one continuance and stipulated to another thereby tolling the statute. (Ill. Rev. Stat. 1961, chap. 38, par. 748; *People* v. *Rankins,* 18 Ill.2d 260, cert. den., 363 U.S. 822, 4 L. ed. 2d 1520, 80 S. Ct. 1265; *People* v. *Ephraim,* 17 Ill.2d 527, cert. den., 362 U.S. 954, 4 L. ed. 2d 871, 80 S. Ct. 869; *People* v. *Niemoth,* 409 Ill. 111, cert. den., 344 U.S. 858, 97 L. ed. 666, 73 S. Ct. 97.) Clearly, this point is without merit.

Defendant's second contention is based upon the State's Attorney's final argument which included a statement that decedent's left eye was a glass one, and he had only partial vision in his right eye, and defendant calls attention to the fact that the coroner's protocol makes no mention of this. Defendant overlooks, however, the fact that decedent's mother testified specifically that decedent's "left eye was glass" and the right eye "was almost out." Moreover, the coroner's protocol indicates a defective left eye in the following language: "There is diffuse gray-white opacity of

the inferomesial two-thirds of the left pupil". The State's Attorney's argument was based upon the record, and no error exists therein.

That the evidence failed to show malice aforethought is assigned as error. Consideration of this requires a review of the record in this case which discloses that defendant had been living with a girl friend in an apartment on the third floor of a building at 1729 West Adams Street in Chicago. They had been living in the front apartment for approximately four years and maintained a common-law relationship. The decedent, Joe Agee, had lived in the same apartment house for many years in an apartment adjoining defendant's near a common washroom on the third floor. In the early morning of January 31, 1960, defendant and his girl friend returned to the apartment. Both had been drinking. Upon having to go to the washroom down the hall she requested defendant to accompany her; when he inquired as to the reason for this request, she informed him that about three weeks before Joe Agee had pushed her down, put a knife to her and tried to attack her. Thereupon the defendant went to Agee's door, knocked upon it, and when Agee appeared (evidently having just arisen from his sleep) defendant inquired about the incident and before receiving a reply commenced to beat Agee with his fists. The record clearly reveals a sustained and brutal onslaught upon the deceased by the defendant with little or no resistance on the part of Agee. There is no question as to the death being caused by the assault of the defendant. The testimony of the police who took Agee from the bathtub of the washroom (where he had been placed by the defendant) and the coroner's report reveal the cause of death to be the injuries thereby inflicted. The admitted confession of the defendant shows that he beat the victim with his hands, knocked him down the stairway and kicked him at various places on his body with great force and violence. In addition, while the victim was lying on the

steps between the second and third floors defendant returned to the third floor apartment and obtained a butcher knife. When asked what his purpose was in doing so he replied that he "wanted to cut Agee's head off". When he returned with the knife the victim was half lying and half sitting and when the defendant attempted to cut him the knife broke and he threw it away. When asked where he tried to cut the victim he replied that he intended to "cut him all over, anywhere I could hit him at."

Malice, either express or implied, is a necessary element of the crime of murder and distinguishes murder from manslaughter. (Ill. Rev. Stat. 1961, chap. 38, par. 358; *People* v. *Marrow,* 403 Ill. 69.) Deliberate intention is necessary to constitute express malice, but the law implies malice where no considerable provocation appears or where all of the circumstances show an abandoned and malignant heart. Where an unprovoked and murderous assault is made and death results, the malice is implied from the character of the assault. (*Koser* v. *People,* 224 Ill. 201; *People* v. *Marrow,* 403 Ill. 69.) It is not necessary to justify a conviction of murder that one shall have deliberately formed an intent to kill. It is sufficient if at the instance of the assault he is actuated by that wanton and reckless disregard for human life that denotes malice. *People* v. *Jordan,* 18 Ill.2d 489; *People* v. *Johnson,* 2 Ill.2d 165.

Tested by these rules, it is apparent that the jury was here warranted in its finding that defendant's acts constituted murder. Defendant has cited no authority and we know of none holding that the facts presently before us constitute sufficient provocation to reduce the killing to manslaughter. The defendant's statement to the police, admitted in evidence by agreement, indicates clearly that defendant fully intended to kill decedent, and secured a knife for the purpose of doing so more expeditiously. The fact that the knife broke is of no consequence, for defendant continued to unmercifully kick and beat his victim until

finally stopped by the intervention of witness Thomas Easley.

Defendant's final contention is that his intoxication was so extreme as to suspend entirely the power of reason and render him incapable of the mental action necessary to form the intent or malice necessary to constitute the killing murder. While voluntary drunkenness is not a defense to conviction of crime, intoxication so extreme as to suspend the power of reason may be a defense to prosecution for offenses where malice or specific intent is a necessary element. (*People* v. *Lion,* 10 Ill.2d 208; *People* v. *Strader,* 23 Ill.2d 13.) However the testimony here falls far short of bringing defendant within the purview of this rule, and the jury was entirely justified in concluding that defendant's drinking had not completely deprived him of the ability to form the intent, which defendant declared to be his, to kill decedent. The mitigating circumstances of this case were apparently taken into consideration by the jury, as they should have been, in determining the punishment to be imposed.

There being no substantial merit in the errors assigned, the judgment of the criminal court of Cook County is hereby affirmed.

*Judgment affirmed.*