(No. 38184.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT STUCKEY, Appellant.

*Opinion filed May 23, 1966.*

522

MONTGOMERY, HOLT & BOLDEN, of Chicago, (LEO E. HOLT, of counsel,) appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARMEN SPERANZA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On February 19, 1962, the defendant, Robert L. Stuckey, surrendered himself at a Chicago police station and signed a written statement concerning the death of his wife, Bernice Thomas Stuckey. On March 8, 1962, he was indicted for the murder of "Louise Thomas Stuckey," and March 15 he was arraigned, and the court continued the case to May 9, 1962. On that date, and subsequently on June 1, 1962, defendant's motions for continuance were granted, and on June 22, on motion of the State, the cause was continued to July 20. On June 25, 1962, the grand jury returned another indictment, which was identical with the first except that it charged the defendant with the murder of "Bernice Thomas Stuckey." The defendant was arraigned under the new indictment on July 2, 1962.

On July 19, 1962, the defendant moved for discharge on the ground that he had been committed for more than four months without trial. (Ill. Rev. Stat. 1963, chap. 38, par. 748.) The motion was denied, a jury was waived, the testimony was stipulated, and the defendant was found guilty of voluntary manslaughter and sentenced to imprisonment in the penitentiary for a term of not less than five nor more than fifteen years.

On this appeal the jurisdiction of this court is sought to be sustained upon the ground that the provisions of the statute are "mandatory and confer a substantial and abso-

lute right upon the defendant under the constitution. *People* v. *House,* 10 Ill.2d 556, 141 N.E.2d 12, 13; *People* v. *Nelson,* 25 Ill.2d 38, 182 N.E.2d 704, 705." A motion to transfer the cause to the appellate court was denied.

The statute upon which the defendant relies provided: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, * * *." Ill. Rev. Stat. 1963, chap. 38, par. 748.

This court has often stated that the statute is designed "to implement the right to a speedy trial guaranteed by section 9 of article II of the Illinois constitution, * * *." (*People* v. *Benson,* (1960) 19 Ill.2d 50, 53; see also, *e.g., People* v. *Stillwagon,* (1940) 373 Ill. 211, 212.) As a practical matter the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay, or novel issues such as were presented in *People* v. *Moriarity,* (1965) 33 Ill.2d 606, and *People* v. *Bryarly,* (1962) 23 Ill.2d 313. It does not follow, however, that the statutory requirement is the precise equivalent of the constitutional guaranty. On the contrary, this court has stated: "It is to be observed that the statute was enacted to give effect to section 9 of the Bill of Rights, securing to an accused in a criminal case a speedy trial. The constitution does not fix the time, and the statute is only intended to implement the provisions of the constitution, but a violation of the statute or of the procedure under the statute does not in itself create a constitutional question. (*People* v. *Maniatis,* 297 Ill. 72.)" *People* v. *Hartman,* 408 Ill. 133, 136.

Upon further consideration we have concluded that no substantial constitutional question is presented upon this record, and the cause is transferred to the Appellate Court, First District.

*Cause transferred.*