**Louis Anthony LOGNER, Appellee,**

v.

**STATE OF NORTH CAROLINA,**
**Appellant.**

**No. 11884.**

United States Court of Appeals
Fourth Circuit.

Argued March 4, 1968.

Decided March 21, 1968.

Dan K. Edwards, Solicitor, and Anthony Mason Brannon, Asst. Solicitor, Tenth Solicitorial District of the State of North Carolina, for appellant.

Richard M. Hutson, II, and Norman E. Williams, Durham, N. C. (Court-assigned counsel), for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The alleged confession of Louis Anthony Logner used in his trial on July 28, 1965 for felony in a State court of North Carolina was declared by the United States District Court to be involuntary and therefore vitiating his conviction. On November 29, 1966 the Federal Court directed that Logner be released from further custody unless before May 25, 1967 the State should retry him.

This decision [1] was delivered on Logner's petition for habeas corpus after the conviction had been affirmed by the highest court of the State, which held the confession voluntary.[2] Certiorari was denied by the United States Supreme Court.[3] The Attorney General of North Carolina participated in the habeas corpus hearing but the State took no appeal.

On the call of the criminal case in April 1967 for retrial in the State nisi prius court, the judge declined to retry it. Instead he directed the State Solicitor, the local prosecutor, to move the Federal court to permit him to "intervene and to be heard in this case, and that from such Order entered upon such petition this matter can then be proceeded with in the proper tribunal." The basis of this action was the judge's view that under the laws of North Carolina the Attorney General was not authorized to appear for the State in the habeas corpus hearing, but that it was solely the responsibility and duty of the Solicitor. He concluded that, as the latter had no notice of the proceeding and did not appear, the order on the habeas corpus application was ineffective.

The District Judge on April 26, 1967 received the Solicitor's petition for the further hearing upon the habeas petition. On notice to the Solicitor as well as to the Attorney General, the District Court on May 9, 1967 directed the Solicitor to file a memorandum brief in support of his petition. His brief was submitted on June 8, 1967 and one for Logner on June 26. By order of August 9, 1967 the petition for rehearing was denied, and notice of this action immediately forwarded to the Solicitor and the Attorney General.

A review of the record does not reveal to us error in the District Court's first order or in the second. Particularly, no violation appears of 28 U.S.C. § 2254 as it was amended effective November 2, 1966, i. e. during the pendency of this case. Since decision is now rested on the record we have no occasion to pass upon the primacy of representation of the State as between the Attorney General and the Solicitor at the habeas corpus hearing.

However, affirmance here is also fortified by the failure of North Carolina to appeal the original order of the District Court within the 30-day period fixed by statute, 28 U.S.C. § 2107. Likewise the State's omission to seek a rehearing of the order for more than four months gives ground for affirmance, even assuming as we have, arguendo, that the case was still open to intervention for a rehearing.

Affirmed.

1. Logner v. State of North Carolina, 260 F.Supp. 970 (N.C.1966).

2. State v. Logner, 266 N.C. 238, 145 S.E. 2d 867 (1966).

3. Logner v. North Carolina, 384 U.S. 1013, 86 S.Ct. 1983, 16 L.Ed.2d 1032 (1966).