THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRIS DUNCAN BYERS, Defendant-Appellant.

(No. 71-160;

Fifth District—May 9, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Harris Duncan Byers, has appealed from a judgment of conviction entered by the Circuit Court of St. Clair County, following a finding of guilty by a jury of the offense of rape.

The defendant raises the following issues in this appeal: (1) Was the written confession of the defendant properly admitted; (2) Was the witness identification of the defendant proper; (3) Was the court's exam-

ination of a defense witness proper and reasonable; (4) Was a clergyman properly called and examined as a rebuttal witness; (5) Was the defendant proved guilty beyond a reasonable doubt; and (6) Was the sentence imposed excessive.

■■ Recent Illinois decisions have set forth criteria to determine the admissibility of a confession. The prosecution has the burden of proving the voluntariness of a confession by a preponderance of the evidence; the trial court need not be convinced beyond a reasonable doubt. (*People v. Jackson*, 41 Ill.2d 102, 242 N.E.2d 160.) The trial court's finding on the voluntariness of a confession will not be disturbed unless it is contrary to the manifest weight of the evidence. (*People v. Johnson*, 44 Ill.2d 463, 256 N.E.2d 343, *cert. denied*, 400 U.S. 958.) We have examined the record, considered defendant's contentions and taken into account the totality of the circumstances. On the basis of such circumstances the finding of voluntariness of the confession is not contrary to the manifest weight of the evidence.

We likewise have examined the record with reference to the contention that the in-court identification of defendant was tainted by an improper police station show up. Considering the entire record with reference to the prosecutrix's in-court identification, and noting the possibility of a staged show up, and the accuracy of prosecutrix's description of the defendant's clothing, age and hair style we cannot say that the court erred in refusing to suppress the identification.

■■ It is well settled law in this State that the court is not required to sit mute and that the trial court may question a witness in order to elicit the truth or to bring enlightenment on material issues which seem obscure. (*People v. Palmer*, 27 Ill.2d 311, 314, 189 N.E.2d 265.) The propriety of each examination by the court must be determined by the circumstances of each case and rests largely in the discretion of the trial court. (*People v. Parker*, 129 Ill.App.2d 43, 262 N.E.2d 751 (abstract opinion).) Although the court's examination consisted of but two pages of a 400-plus page record, we feel that the court exceeded its discretion. As stated in *People v. Sprinkle*, 27 Ill.2d 398, 402-403, 189 N.E.2d 295, 298:

> "As we said in *People v. Marino*, 414 Ill. 445 at 450: 'While the court has a wide discretion in the conduct of a trial, it must not invade the province of the jury by making comments, insinuations or suggestions indicative of belief or disbelief in the integrity or credibility of a witness. [Citing cases]. In all criminal prosecutions, the accused persons, guilty or innocent, are entitled to a fair and impartial trial by jury. A fair trial contemplates that the jury will, alone, fulfill its duty of determining the facts, and it is not

the province of the judge, in a criminal case, to express by word or indicate by conduct, in the jury's hearing, any opinion upon the facts. [Citation.] While it is true that a judge has a right to question witnesses or call other witnesses to the stand in order to ascertain the truth or to bring enlightenment on material issues which seem obscure, he must do it in a fair and impartial manner, without showing bias or prejudice against either party. [Citation.] Jurors are ever watchful of the attitude of the trial judge and his influence upon them is necessarily and properly of great weight, thus his lightest word or intimation is received with deference and may prove controlling. In a criminal trial, a hostile attitude toward an accused, or his witnesses, is very apt to influence the jury in arriving at its verdict.' See also *People v. Santucci*, 24 Ill.2d 93, 98; *People v. Wesley*, 18 Ill.2d 138, 154, *cert. den.* 364 U.S. 845, 5 L.Ed.2d 69, 81 S.Ct. 87.''

We are compelled to conclude that there was an abuse of discretion in posing questions which suggested that the witness was not worthy of belief, or was unable to accurately recall the events.

Subsequent to the defendant's arrest he was afforded the opportunity to speak with a minister. At the hearing on the motion to suppress the confession, defense counsel asked the minister: "How many different versions of what transpired were given?", to which the witness answered, "Half a dozen maybe different aspects of what happened". As far as we can determine from the record this was in reference as to what happened to defendant while he was in custody.

■■  At the trial the minister was called as a witness by the defendant but did not testify to any conversation, only that he saw defendant while he was in jail. After the defendant had testified concerning his whereabouts at the time of the alleged rape and closed his case, the State called the minister in rebuttal and propounded the following question to him, "* * * how many different versions of what transpired has he told you". Defense counsel immediately objected that the province of the jury was invaded and moved for a mistrial. The court denied the motion and overruled the objection and the witness was permitted to reply to the effect that the defendant had related more than one version of what had transpired. When asked, "How many different versions?", defense counsel again moved for a mistrial and made the same objection. The court again overruled the objection and permitted the witness to answer, "There were several, I can't say how many but three, four, five, I don't know, stories that he told me what happened and why it happpened, and things I heard later on." Defense counsel again moved for a mistrial and the court ruled "* * * it goes to the credibility of the defendant. It is

proper. This man is a witness for the defendant." At no time was the minister-penitent privilege claimed by either the witness or defendant.

In the post trial motion the defense urged that the court erred in permitting the minister to testify in direct violation of the minister-penitent privilege. In this appeal defendant argues there was a violation of that privilege which was prejudicial. Whatever privileges the defendant may have had as to his conversations with the minister were waived; in the hearing on the voluntary character of the confession when the defendant called the minister to testify as to conversations between the minister and defendant regarding the treatment of defendant while in custody, and in the trial when the privilege was not claimed by either the minister or the defendant.

■■ However in our opinion, plain error occurred when the minister was allowed to testify on rebuttal that defendant had given numerous versions of "what happened and why it happened". The apparent purpose of the testimony was to impeach the defendant by proof of prior inconsistent statements. The fault we find in the testimony permitted is that the province of the jury, in its determination of the facts, has been invaded by permitting the witness to testify to the conclusion that the defendant had been inconsistent in his statements. That conclusion is for the jury to make and can only be made after hearing the testimony of the substance of the alleged inconsistent statements.

■■ No foundation was ever laid for the introduction of such evidence by the presentation of evidence of the substance of any conversation. While it is competent to show as a matter of impeachment that a witness made a statement outside of court, concerning material matters, inconsistent with his testimony on the witness stand, such evidence is only proper after a foundation has been laid. (*People v. Perri*, 381 Ill. 244, 44 N.E.2d 857.) That foundation consists of calling the witness' attention to the alleged prior inconsistent statement, the time and place of its making, and the persons involved, and asking him whether he ever made such a statement. (*Wharton's Criminal Evidence*, 12th ed. § 918.) Illinois courts have held that it is permissible to recall a witness for the purpose of laying a foundation for impeachment. *People v. Ladas*, 12 Ill.2d 290, 146 N.E.2d 57.

Since we conclude from the foregoing that defendant did not receive a fair trial and is entitled to a new trial, we need not consider the remaining issues raised on appeal.

Reversed and remanded.

G. MORAN and JONES, JJ., concur.