THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS PICKEREL, Defendant-Appellant.

(No. 74-22;

Third District—October 23, 1975.

James Geis and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (F. Stewart Merdian and Martin Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Louis Pickerel, was found guilty of murder after trial by jury in the circuit court of Peoria County and sentenced to a term of from 14 to 45 years in the penitentiary. On this appeal he raises two

issues: one, whether his intoxication rendered his oral confession involuntary; and, two, whether his intoxication negated the existence of the mental state necessary to support a murder conviction.

We have reviewed the evidence and it is our judgment it was sufficient to support both the finding the confession was voluntary and the finding defendant's intoxication failed to negate the existence of the mental state necessary to support his murder conviction.

The facts favorable to defendant show that the arresting officer testified at the hearing on the motion to suppress confession defendant was pretty well intoxicated at the time of the arrest. The interrogating officer stated defendant was drunk when he orally confessed. A sample of defendant's blood drawn more than one hour after he made the confession revealed his blood contained 0.21 percent alcohol by volume. Defendant testified he had consumed large amounts of alcohol prior to the shooting and could remember neither the confession nor the shooting. The evidence also showed he had a protracted history of excessive drinking, had been drinking to excess the morning of the shooting, had blacked out during the morning prior to the shooting, and could not recall any of the day's events. A psychiatrist testified defendant was suffering from chronic alcoholism to such an extent as to affect his criminal responsibility for his actions.

The State, on the other hand, argues the evidence shows a police officer testified that although defendant seemed to be intoxicated, he was responsive to the questions asked of him, was very cooperative, and was able to carry on a conversation with the officer. After the questioning defendant was able to walk down stairs without falling and to get into the police wagon. Another police officer testified defendant was not disoriented and knew what he was doing. He stated defendant readily responded to every question asked. The wagon driver testified he had no great difficulty in putting defendant in the wagon and defendant had no great difficulty in climbing stairs and in walking to and from the emergency room at the hospital. He testified that although defendant had been drinking, he was not drunk.

■■ The first issue is whether defendant's oral confession was rendered involuntary due to his intoxication at the time of the confession. The standard of review in a case such as the one at bar is well established. The trial court's finding regarding the voluntariness of a confession will not be disturbed by a court of review unless it is manifestly against the weight of the evidence or unless the court has clearly committed an abuse of discretion. (*People v. Townsend*, 11 Ill.2d 30, 141 N.E.2d 729; *People v. Byers*, 11 Ill.App.3d 277, 296 N.E.2d 621.) The trial court need not be convinced beyond a reasonable doubt; the prosecution need prove the

voluntariness of the confession only by a preponderance of the evidence. *People v. Townsend,* 11 Ill.2d 30, 141 N.E.2d 729; *People v. Byers,* 11 Ill. App.3d 277, 296 N.E.2d 621.

■■ A confession is involuntary if it is not the product of an essentially free and unrestrained choice of its maker (*Culombe v. Connecticut,* 367 U.S. 568, 6 L.Ed.2d 1037, 81 S.Ct. 1860) or where the maker's will is overborne at the time of the confession (*People v. Hester,* 39 Ill.2d 489, 237 N.E.2d 466). The two cases relied on by the defendant show intoxication can, in some circumstances, render a confession involuntary. (*Logner v. North Carolina* (N.D.N.C. 1966), 260 F.Supp. 970, *aff'd* (4th Cir. 1968), 392 F.2d 222, *cert. denied,* 393 U.S. 857, 21 L.Ed.2d 126, 89 S.Ct. 110, and *United States ex rel. Wakeley v. Russell* (E.D. Pa. 1970), 309 F.Supp. 68.) The problem is determining what degree of this so-called "intoxication" is required to render a confession involuntary. The determination as to the voluntariness of the confession is primarily for the trial court to decide. (*People v. Lego,* 32 Ill.2d 76, 203 N.E.2d 875.) It is not sufficient to merely find defendant was "intoxicated." (*People v. Hulet,* 66 Ill.App.2d 194, 214 N.E.2d 299; *People v. Hicks,* 35 Ill.2d 390, 220 N.E.2d 461, *cert. denied,* 386 U.S. 986, 18 L.Ed.2d 236, 87 S.Ct. 1295.) Intoxication for one purpose does not necessarily constitute intoxication for another. For purposes of the implied consent statute (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1) a person is presumed to be under the influence of intoxicating liquor when there is 0.10 percent or more by weight of alcohol in the person's blood. There is no such presumption regarding a person's legal capacity to render a voluntary confession. The voluntariness of a confession must be examined in light of the aforementioned rules.

The facts in *Logner v. North Carolina* (N.D.N.C. 1966), 260 F.Supp. 970, *aff'd* (4th Cir. 1968), 392 F.2d 222, *cert. denied,* 393 U.S. 857, 21 L.Ed.2d 126, 89 S.Ct. 110, and in *United States ex rel. Wakeley v. Russell* (E.D. Pa. 1970), 309 F.Supp. 68, are similar to the case at bar in that in each case the defendant had been drinking heavily on the day in question, and had been described by police as being drunk at the time of the confession. However, in *Logner* the patrolman who investigated the accident in which petitioner was involved prior to his confession concluded petitioner was too drunk to give a statement as to what happened in the accident. In *Wakeley* petitioner went to the police station to inform them he had been in some trouble and had a fight. The police lieutenant thought petitioner was another drunk coming in and making up a story and sent him home without investigating further. In both cases the courts held the confessions were involuntary due to the intoxication of the confessor.

Although these two cases support the general principle that intoxication could render a confession involuntary, we cannot hold in the instant case the trial court's finding that the confession was voluntary was against the manifest weight of the evidence or a clear abuse of discretion.

■■ The second issue is whether defendant's intoxication negated the existence of the mental state necessary to support his conviction for murder. The jury was instructed as to both voluntary and involuntary intoxication. In Illinois voluntary intoxication is an affirmative defense to an offense if it negates the existence of a mental state which is an element of the offense. (Ill. Rev. Stat. 1973, ch. 38, par. 6—3(a).) Murder, the offense for which defendant was convicted, requires the offender have at the time of the killing knowledge his act creates a strong probability of death or great bodily harm to the individual killed or to another. (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(2).) In order for voluntary intoxication to negate the requisite mental state of an offense, the intoxication must be so extreme as to suspend all reason. (*People v. Tillman,* 26 Ill. 2d 552, 187 N.E.2d 731.) Consonant with the general rule that a trial court's finding will not be disturbed unless manifestly against the weight of the evidence or unless the court has clearly committed an abuse of discretion (*People v. Nemke,* 46 Ill.2d 49, 263 N.E.2d 97), we cannot hold here the trial court's finding was contrary to the applicable standard of review.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.