THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES WILLIAMS, Defendant-Appellant.

First District (2nd Division)   No. 76-1294

Opinion filed August 30, 1977.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Michael E. Shabat and Jeffrey C. Pattee, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

James Williams, defendant, appeals from the denial of his motion filed pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) to withdraw a plea of guilty to voluntary manslaughter and vacate the judgment entered thereon. Defendant had been charged with murder, entered a negotiated plea of guilty to the lesser included offense of voluntary manslaughter, and was sentenced to a term of two years to six years in the penitentiary. He contends (1) that the attorney appointed to

represent him in regard to the instant motion failed to file a certificate of counsel as required by Supreme Court Rule 604(d), necessitating reversal and remandment; (2) that he received inadequate representation by his appointed trial counsel; and (3) that he was under the influence of medication at the change of plea, requiring reversal of the judgment and remandment of the cause for a new plea.

## I.

We need not consider defendant's first contention since said counsel has filed by leave of this court the necessary certificate in compliance with Rule 604(d). Defendant expressly states he does not challenge this procedure, which has been held to be proper compliance with Rule 604(d). (See *People v. Hummel* (4th Dist. 1977), 48 Ill. App. 3d 1002, 1007, 365 N.E.2d 122; *People v. Chesnut* (3d Dist. 1977), 47 Ill. App. 3d 324, 327-28, 361 N.E.2d 1185.) We note, moreover, that defendant's claim in this regard, that counsel could not have considered the April 2, 1976, transcript taken at the change of plea because of conflicting filing and hearing dates, is without merit. The record does not disclose that a copy of such transcript was unavailable for counsel's perusal prior to the hearing on June 22, 1976, of defendant's motion when the trial court stated it would consider the transcript in determining the validity of defendant's motion. On July 9, 1976, the trial court stated he had read the transcript of the proceedings before the court on April 2, 1976. It is true that the transcript does not show it was filed with the circuit court until September 21, 1976. But that does not establish that the transcript was not available to defendant's counsel on or before June 22, 1976.

## II.

Defendant also claims that he was not properly represented by counsel at the change of plea. The negotiated plea of guilty was entered on April 2, 1976, at which time defendant was represented by an assistant Cook County public defender. The record discloses that upon being advised that defendant desired to withdraw his plea of not guilty and enter a plea of guilty to voluntary manslaughter, the trial court extensively and in detail admonished defendant as to his rights and the consequences of a plea of guilty. The court advised him of the nature of the charge against him and the possible penalties which could be imposed upon entry of the plea of guilty. It determined that defendant was entering the plea freely and intelligently, and that he understood he was thereby waiving all rights indicated to him in the court's admonishments. The court heard a factual stipulation of the incident, which defendant admitted was true, and determined that it supported the plea of guilty to voluntary manslaughter. When questioned by the court, defendant stated he had no defense in the

matter. The court accepted the plea, entered judgment thereon and sentenced defendant in accord with the State's recommendation. The court also advised defendant of his right to move for withdrawal of the plea and vacatur of the judgment within 30 days from its entry.

Six days later defendant filed the instant motion to withdraw the plea and vacate the judgment. By affidavit defendant alleged that the assistant public defender had advanced no defense in defendant's behalf, but simply told defendant he had better accept the State's offer or face a sentence of 14 years to life; that other counsel could have represented defendant better; that defendant was in a dazed condition at the change of plea which was brought on by medication he had been taking; and that he was innocent of the charge. The defendant's affidavit did not allege that he did not know or understand what had transpired at the change of plea; nor did it allege the nature of the defense which could have been interposed to the charge. At the request of the assistant public defender, who had represented defendant at the change of plea, the trial court appointed a "bar association" lawyer to represent defendant in pursuance of the motion.

Hearing was held on the motion on June 22, 1976, before the same judge who had accepted defendant's plea of guilty. Defendant testified that his trial counsel at no time discussed the facts of the incident with him; that counsel did not visit or write to defendant while the latter was in jail; and that defendant saw his appointed counsel only two times, at the preliminary hearing and at the change of plea. Defendant testified that he was told by his counsel that he should "cop out" to the State's offer or face a prison term of 14 years to life, and that his brother, who was in attendance at the meeting between defendant and counsel started crying and told defendant to accept the offer. Defendant also claimed that he entered the plea of guilty because he felt no one was helping him; that he did not do so of his own free will; and that he was dizzy and dazed during the change of plea due to medication which he had been taking for some 30 years. Defendant stated that he gave his attorney a letter requesting appointment of different counsel, but counsel neither "turned in" the paper to the court nor read the paper in defendant's presence. He claimed he did not tell the court or his appointed counsel that he wished a change of attorneys; nor did he tell them that he was under the influence of medication at the time of the change of plea. He stated that he understood all that was told him at the change of plea by the court and his counsel, and that he was able to speak to his brother at that time because he was "not that much" under the influence of the medication.

Defendant's brother testified at the hearing that defendant told his appointed counsel during the meeting prior to the change of plea that he "did not do it" in response to counsel's suggestion he would "get no

murder charge" if he pleaded to manslaughter. This witness stated that he did not cry during that meeting, and that he did not tell defendant what to do except to tell him to do what he thought was best.

The assistant public defender who had represented defendant at the change of plea testified at the hearing that he interviewed defendant upon counsel's initial appointment to the case and again at the preliminary hearing a few days later. Counsel stated he attempted to elicit the facts of the incident from defendant during those conferences but that defendant's recollection was "very limited." He stated that he did not personally visit defendant in jail, nor did he write to him or send an investigator to interview him. He also stated that the police reports of the incident indicated that persons other than defendant and the deceased were at the scene of the homicide. However, he did not interview those persons. He stated that he attempted to speak to a State's eyewitness after the preliminary hearing, but the latter would not speak to him. Counsel said he anticipated taking the matter to trial, but analysis of the police reports, perusal of the preliminary hearing transcript, interviews of the defendant and his brother, and analysis of pretrial discovery material indicated that a plea of guilty should be entered in the matter. The witness admitted that he did not discuss possible defenses with defendant; but he stated that, after considering the foregoing matters and defendant's "totally inconsistent" version of the incident related to the witness prior to the change of plea, the offer made by the State appeared to be fair. Counsel denied recommending that defendant enter a plea of guilty in the case, and he stated that defendant at no time communicated to him a desire for other legal counsel. At no time did defendant indicate that he was under the influence of any medication. The witness also related that he appeared at a bond hearing on defendant's behalf at which he sought reduction of the bond due to defendant's poor health, and he also secured the presence of defendant's brother at the meeting prior to the change of plea.

■■ On June 22, 1976, the trial court took the matter under advisement to be able to review the transcript taken at the change of plea and consider the evidence offered at the instant hearing. On July 9, 1976, the trial court indicated it had read the change of plea transcript and considered the evidence adduced at the hearing. The court concluded that defendant was represented by appointed counsel at the change of plea in a "most professional" manner, and that he entered the plea of guilty freely and intelligently. We conclude there is no basis in the record to refute the determination that defendant was adequately represented.

### III.

■■■ Defendant finally contends that his plea was improper because

he had taken medication. Whether a defendant will be allowed to withdraw a plea of guilty rests within the sound discretion of the trial court. The exercise of such discretion will be disturbed only where it appears that the plea was based upon a misapprehension of the facts or law, that the defendant had a defense worthy of consideration, or where serious doubt of guilt exists and the ends of justice would be served by a trial of the matter. (*People v. Pack* (5th Dist. 1976), 34 Ill. App. 3d 894, 896-97, 341 N.E.2d 4.) The record in this case demonstrates that defendant freely and intelligently entered a plea of guilty to voluntary manslaughter. The trial court extensively and in detail admonished defendant as to his rights and determined that he understood the consequences of his plea. The transcript taken at the change of plea does not indicate any impairment of defendant's faculties due to the influence of medication. Moreover, the evidence at the hearing on defendant's motion to withdraw the plea and vacate the judgment does not indicate that defendant was under the influence of medication at the change of plea. The record demonstrates that the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea of guilty and vacate the judgment entered thereon.

For these reasons the judgment of the circuit court of Cook County denying defendant's motion is affirmed.

Judgment affirmed.

STAMOS and PUSATERI, JJ., concur.