THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN E. GEORGE, Defendant-Appellee.

Second District   No. 78-173

Opinion filed May 22, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, Assistant State's Attorney, of counsel), for the People.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The charges for burglary herein were dismissed by the trial court because defendant was not brought to trial within 120 days as required by section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a)). The State has appealed.

The State has raised two issues on appeal, arguing first that the 120-day limit had not, in fact, been reached because of delays occasioned by the defendant, and second that the 120-day rule should not apply because defendant's original guilty plea and its subsequent withdrawal was tantamount to a mistrial, thus making the provisions of subsection (e) of section 103—5 applicable.

In view of our opinion herein we do not find it necessary to reach either of the specific issues raised by the State.

We do not find it necessary to go into the mathematical computation as to the delays incurred herein. The State, as we have said, contends that the defendant's plea of guilty and his subsequent withdrawal of the same bars the operation of the 120-day rule.

For all intents and purposes the entry of a guilty plea and the acceptance thereof by the court is the same as an adjudication of guilty by the court or jury. The applicability of the 120-day rule then ceases. In *People v. Lybarger* (1961), 22 Ill. 2d 170, 173, 174 N.E.2d 687, 688-89, the Illinois Supreme Court stated:

"In the recent case of *People v. De Cola*, 15 Ill. 2d 527, we squarely held that when a defendant enters a plea of guilty he waives the right to be discharged for failure to obtain a trial within four months of commitment."

The defendant was incarcerated on May 14, 1977. He entered his plea of guilty on September 27, 1977. The plea was withdrawn on October 31, 1977. The cause was dismissed by the trial court on January 23, 1978, on the basis of the 120-day rule. We find that the court erred.

Section 103—5 of the Code of Criminal Procedure of 1963 was designed "[t]o implement the right to a speedy trial guaranteed by section 9 of article II of the Illinois constitution * * *." (*People v. Benson* (1960),

19 Ill. 2d 50, 53, 166 N.E.2d 80, 82. In the 1970 Constitution this became section 8 of article II.) The Supreme Court of Illinois has frequently stated the above, and in *People v. Stuckey* (1966), 34 Ill. 2d 521, 523, 216 N.E.2d 785, 786, observed in this regard:

> "As a practical matter the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay, or novel issues such as were presented in *People v. Moriarity* (1965), 33 Ill. 2d 606, and *People v. Bryarly* (1962), 23 Ill. 2d 313."

In *People v. De Cola* (1959), 15 Ill. 2d 527, 531, 155 N.E.2d 622, 624, the Illinois Supreme Court held:

> "The right to a speedy trial assumes that there are issues to be tried. A plea of guilty negatives that assumption. If a guilty defendant is permitted to speculate upon the chance that the administrative problems of a busy court may delay his case beyond the fixed statutory period, the fundamental right to a speedy trial is depreciated to the status of a tactical move in a procedural game."

We are thus presented a novel situation which we specifically ruled upon in *People v. Hickman* (1971), 3 Ill. App. 3d 919, 280 N.E.2d 787, *aff'd as modified* (1974), 56 Ill. 2d 175, 306 N.E.2d 32. In that case one of Hickman's co-defendants withdrew his guilty plea and pleaded not guilty on the 119th day after incarceration. We held that:

> "where a defendant has plead guilty he waives the 120 day rule and cannot avail himself of it by changing his plea to not guilty a day or two before the expiration of the 120 days." (3 Ill. App. 3d 919, 930, 280 N.E.2d 787, 794.)

To have held otherwise would have been to open the door to the possibility of manipulation of the rule by the submission of guilty pleas as observed by the Supreme Court. A defendant brought to trial near the end of the 120-day period could plead guilty with the intent of subsequently withdrawing his plea in the hope of indirectly causing sufficient additional delay to make the 120-day period expire, despite the possibility of a 21-day extension pursuant to sub-section (f) of section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(f).) While that situation does not specifically occur in the case before us, we find that the *Hickman* rule, as stated above, applies herein.

The purpose of the 120-day rule is to guarantee a speedy trial, not to open a new procedural loophole which defense counsel could unconscionably use to obstruct the ends of justice. As the Illinois Supreme Court stated in *People v. Fosdick* (1967), 36 Ill. 2d 524, 530, 224 N.E.2d 242, 246:

> "While we will not permit the State to evade the right to a speedy trial, neither will we permit a defendant to evade prosecution by creating a delay."

Defendant's waiver of the 120-day rule by his plea of guilty does not mean that the State can now indefinitely delay the trial. The withdrawal of the guilty plea does not negate his constitutional right to a speedy trial. As was stated in *People v. Gilbert* (1962), 24 Ill. 2d 201, 181 N.E.2d 167, where the court was considering the effect of a mistrial as it related to the 120-day rule:

> "Our decision in this case does not mean that in every instance of mistrial, the full statutory period begins to run anew, regardless of the length of time that has already elapsed. The overriding consideration is the *constitutional* right to a speedy trial, and where delay is not attributable to the defendant, that right is not measured by aggregating successive periods of four months each." (Emphasis added.) 24 Ill. 2d 201, 204-05, 181 N.E.2d 167, 169-70.

We therefore reverse the trial court and remand the cause for a speedy trial under the provisions of section 8 of article II of the Illinois Constitution of 1970.

Reversed and remanded.

NASH and WOODWARD, JJ., concur.