THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v*
ROY BROWN, Defendant-Appellee.

Third District No. 81—655

Opinion filed November 5, 1982.

BARRY, P.J., dissenting.

Samuel Naylor, VI, State's Attorney, of Carthage (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

R. P. O'Connell, of Richard P. O'Connell, Ltd., and Chet W. Vahle, both of Quincy, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This case involves the dismissal of all charges against a criminal defendant for failure of the People to comply with the 160-day speedy trial statute. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(b).) The People appeal.

Defendant was originally charged with aggravated battery on July 10, 1980. He was arrested, posted bail and was released. On July 31, 1980, he pleaded not guilty and demanded a speedy jury trial.

On September 29, 1980, a pretrial conference was held and, by

agreement of counsel, the cause was continued to December for trial.

At the December 8, 1980, trial call, defendant said he was unprepared to defend on a newly added rape count. Defendant did not object, however, to the amendment of the information which added this count.

■ The following colloquy then took place between the prosecutor, the court, and defense counsel:

"MR. NAYLOR: Your Honor, I simply want to observe that the parties have agreed that the jury trial scheduled for this date on aggravated battery is continued by agreement of the parties due to the addition of the Count on rape, and that it is contemplated it will be continued from the day—today to the next jury calendar on both Counts.

THE COURT: Mr. Vierling?

MR. VIERLING [defense counsel]: That's correct.

THE COURT: I'll show that the matter is continued by agreement on both Counts to the next jury calendar, which you gentlemen are aware is in February.

MR. NAYLOR: Yes, Your Honor.

THE COURT: Thank you. Anything further, Mr. Vierling, in this case?

MR. VIERLING: Nothing, Your Honor.

THE COURT: Thank you. That'll be all."

The matter was thus continued twice by agreement of the parties. Both sides agreed to placing the case on the December jury calendar and the February jury calendar. It is well settled that the statutory speedy trial term is tolled where a defendant requests, stipulates to, or consents to a continuance. (*People v. Tillman* (1963), 26 Ill. 2d 552, 554; *People v. Canada* (1967), 81 Ill. App. 2d 220, 227-29.) Unmistakably, defendant acquiesced in the trial scheduling. Accordingly, the delay from September 29, 1980, to February 9, 1981, is attributable to the defendant.

■ On February 9, 1981, when the case was called for trial, the People answered ready. Defendant again requested a continuance. He wanted to hire a new lawyer. Up to that point, Mr. Brown had been represented by the public defender, Mr. Vierling. During this hearing, Mr. Vierling stated that the trial of the case "*** was originally docketed for September. I took a continuance then. *** I just wasn't ready ***." He also stated he agreed to the December 8 continuance. Five minutes before jury selection commenced, Mr. Brown entered a negotiated plea of guilty to aggravated battery in exchange for a *nolle prosequi* on the rape charge, and a recommendation of a five-year

prison term. After a hearing, the plea was accepted. Defendant was sentenced to five years' imprisonment. At that point, the defendant's speedy-trial rights were tolled. It is the law of this State that a guilty plea negatives the right to a speedy trial. *People v. De Cola* (1959), 15 Ill. 2d 527, 531; and see *People v. Hickman* (1971), 3 Ill. App. 3d 919, 930, *aff'd as modified* (1974), 56 Ill. 2d 175.

Then, on February 13, 1981, defendant was back in court with a new attorney, Mr. O'Connell, on a motion to vacate his guilty plea. This motion was unopposed by the People and was scheduled for a hearing. During such hearing, the following colloquy occurred:

"MR. NAYLOR: I would also like to stipulate that by actions of the defendant he has tolled the 160 days speedy trial period because I don't think that the state should be caused to suffer a dismissal of charges under the speedy trial act.

MR. O'CONNELL: I have no problem with that.

THE COURT: All right, that is shown that there is no question about the 160 days on the part of the defendant's attorney. I will set it again \* \* \*."

The assertion of defendant's counsel is clear. The 160-day speedy-trial period was tolled. The period began anew on February 13, 1981.

Defense counsel subsequently filed a motion for supplemental discovery on March 17, a motion to suppress on March 19, and a motion to dismiss for want of speedy trial on April 21.

On April 27, 1981, a hearing was held on defendant's motion to dismiss. However, Judge Evans terminated the hearing after it had begun and recused himself when it became apparent to him that defendant's evidence was different from what the judge recalled. The cause was referred to the chief judge for assignment of a different judge to hear this motion. The motion was subsequently set for hearing before a different judge on May 28, 1981. The delay from April 27, 1981, to May 28, 1981, is directly related to defendant's speedy-trial motion and is thus chargeable to the defendant.

Further delays were caused by the defendant. Defense counsel could not appear on May 28 due to a scheduling conflict which caused a continuance until June 29, 1981.

On June 29, the court continued the hearing on its own motion to July 10. On July 10, the motion hearing was again continued on defendant's motion to July 17. On July 17, the hearing was continued on the People's motion and the motion was finally heard on August 21, 1981.

■ A total of 189 days elapsed between February 13, when the defendant withdrew his guilty plea and August 21 when the court

held its final hearing on defendant's ill-founded speedy-trial motion. Subtracting the 63 days chargeable to the defendant leaves 126 days chargeable to the People. It is thus seen that on the day of the final hearing on defendant's speedy-trial motion, there were 34 days still remaining within the 160-day period during which the defendant could have been tried without violating his right to a speedy trial under the statute. The trial judge was in error in granting the defendant's speedy-trial motion and in dismissing the charges against him.

For the reasons stated, the dismissal order of the Hancock County Circuit Court is reversed. The cause is reinstated and remanded to that court for trial within 160 days from the issuance of the mandate.

Reversed and remanded.

ALLOY, J., concurs.

PRESIDING JUSTICE BARRY, dissenting:

In adopting the State's position on appeal and reversing the trial court, the majority ignores the principle espoused in *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840, which is applicable when the State adds charges sometime after proceedings have begun on related offenses. I also believe that the majority's reliance on *People v. De Cola* (1959), 15 Ill. 2d 527, 155 N.E.2d 622, and *People v. Hickman* (1971), 3 Ill. App. 3d 919, 280 N.E.2d 787, is misplaced where, as here, a plea of guilty is vacated by the trial court.

As I see it, the withdrawal of a guilty plea and *vacatur* of judgment are not rights of a defendant which may be exercised or not at the defendant's whim. Rather, they are allowed or not at the discretion of the trial court upon consideration of allegations of defects in the guilty plea proceedings. See, *e.g.*, 73 Ill. 2d R. 604(d); *People v. Williams* (1977), 52 Ill. App. 3d 229, 367 N.E.2d 449.

As such, we are not presented here with a situation wherein the defendant has manipulated delays at will, pleaded guilty to the charges against him, and decided to withdraw his plea, all with the intended result that the statutory period of limitations would run before the State could get the defendant to trial. (*Cf. People v. George* (1979), 71 Ill. App. 3d 932, 390 N.E.2d 586; *Hickman.*) Lacking a "novel situation" such as was presented in *George* and *Hickman*, I believe that the statutory limitations period applies and requires that the defendant herein be discharged on grounds that the State violated his right to a speedy trial.

With respect to the aggravated battery charge, the question be-

fore us on appeal is whether the defendant's plea of guilty served to waive his right to a speedy trial or merely to toll the time. The majority opinion concludes that the guilty plea "negatives the right to a speedy trial." In my opinion, the defendant's plea, which was later vacated, merely tolled the running of the 160-day period during the time that it was in effect.

The precise issue was decided in *People v. Bowman* (1981), 96 Ill. App. 3d 136, 420 N.E.2d 1132. There, the defendant was incarcerated on July 22, 1978, and made a speedy-trial demand prior to his trial on February 5, 1979. The 120-day rule was, therefore, in effect. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a).) The defendant had entered a negotiated plea of guilty on November 27, 1978, which remained in effect until January 5, 1979, when it was vacated *sua sponte* by the trial judge. The defendant was tried on February 5, 1979. The defendant conceded that 66 days of delay were attributable to him but urged that the remaining 132 days were chargeable to the State and that he was, accordingly, entitled to a discharge under the speedy trial statute. On these facts, the appellate court determined that the "plea of guilty operated to toll the running of the 120-day rule during the period that elapsed between the entry of such plea and the order vacating it." (96 Ill. App. 3d 136, 140, 420 N.E.2d 1132, 1135.) Subtracting out the 66 days which the defendant admitted were occasioned by him and the 39 days during which the guilty plea was in effect, the court concluded that the defendant had been brought to trial on the 93d day of the 120-day period; thus, the State had not violated the defendant's statutory right to a speedy trial.

Applying the principle of *Bowman* to the facts before us, I conclude that 123 days of the 160-day period had elapsed prior to the entry of the defendant's plea: the 60-day period between July 31, 1980, when the speedy-trial demand was made, and September 29, 1980, when a pretrial conference was held and counsel agreed to continue the case; and the 63-day period between December 8, 1980, when the State amended its information, and February 9, 1981, the date set for defendant's trial. Unlike the majority, I find that the defendant's acquiescence in the delay between the State's amendment of the charging instrument and the February 9 trial date did not operate to relieve the State of its continuing burden to bring the defendant to trial promptly on the original charges. It is clear to me that the addition of charges forced the defense to either ask for or acquiesce in a request for a continuance in order to adequately prepare itself on the new charge. See *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840; *People v. Shields* (1974), 58 Ill. 2d 202, 317 N.E.2d 529.

Following the defendant's withdrawal of his guilty plea, as I see it, the 160-day period resumed running against the State and was exhausted on March 22—37 days after the guilty plea was vacated. Because the defendant was not brought to trial on or before March 22, he was entitled to dismissal as the trial court correctly ruled.

With respect to the rape charge, I find guidance in the reasoning of the court in *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840. In *Williams*, as here, the State amended its information to charge additional offenses based upon the same set of facts as were the original charges. In *Williams*, the new charges were added on August 11, 1978—120 days after the defendants were taken into custody on April 13, 1978. Although defendants had obtained continuances in connection with the original charges, the court held that such continuances "cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained." (94 Ill. App. 3d 241, 249, 418 N.E.2d 840, 846.) In addition, the court ruled that two continuances sought by the defendants—on August 11 to investigate grounds for a motion to strike the additional charges and on August 14, upon denial of this motion, to prepare their defense to the additional charges—were chargeable to the State. The court reasoned:

"The State had the continuing burden to take the necessary steps to bring about a prompt trial in conformance with the provisions of the speedy trial act. (*People v. Perkins* (1980), 90 Ill. App. 3d 975, 414 N.E.2d 110.) The record demonstrates that the State had knowledge of all facts necessary to file the new and additional charges long before August 11, 1978. Only the State's tardiness (for which the State has never offered an explanation) in filing the new and additional charges precluded commencement of prosecution on these charges within the speedy trial term. To charge defendants with a tolling of the term under these circumstances, especially where the need for time to effectuate discovery was essential, would circumvent the very protection the statute aimed to provide. (Accord, *People v. Nunnery* (1973), 54 Ill. 2d 372, 297 N.E.2d 129; *People v. Perkins* (1980), 90 Ill. App. 3d 975, 414 N.E.2d 110; *cf. People v. Shields* (1974), 58 Ill. 2d 202, 317 N.E.2d 529.) We necessarily conclude that the State violated defendant's statutory right to a speedy trial on the nine new charges." (94 Ill. App. 3d 241, 249, 418 N.E.2d 840, 846-47.)

In *Williams*, as the trial court herein observed, the defendants ob-

jected to the State's addition of charges on the 120th day of the 120-day term for the original charges. In the present case, defense counsel failed to object to the State's addition of the rape charge on the 130th day of the 160-day period for the original charge. I do not find this distinguishing factor dispositive. The State's duty to bring about a prompt trial is not diminished by defendant's failure to object. Nor can it be said that such failure constitutes a waiver by defendant of his statutory right to a speedy trial. (*People v. Reimolds* (1982), 92 Ill. 2d 101.) In my opinion, *Williams* squarely addresses the issue before us on the rape charge, and the principles expressed therein control the calculation of days chargeable to the State. Applying *Williams* to the facts before us, I find that 130 days of the limitation period had elapsed by the date of the addition of the rape charge. In addition, the 63-day period between the date of the amendment and February 9, when the trial was to be held, is chargeable to the State because the defendant was forced to prepare a defense on the new charge. (*Williams*.) Therefore, for the rape charge, as defendant correctly asserts on appeal, the 160-day limitations period was exhausted before the defendant entered his plea of guilty. I would affirm the order of the trial court.