Hanover Construction Company, Appellant, *v.*
Fehr, Appellant.

Argued January 8, 1958. Before JONES, C. J., BELL,
CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Francis H. S. Ede,* with him *Raymond DeRaymond,*
for plaintiffs.

*Herbert Fishbone,* for defendants.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March
26, 1958:

These two appeals challenge the propriety of the
ruling of the court below in a replevin action, after a

jury verdict in plaintiff's favor, granting a new trial to defendants and refusing judgment n.o.v. in favor of defendants.

In August 1953 Warren Holland, doing business as Hanover Construction Company, orally agreed to purchase from Clayton Fehr and Roy Hahn a Galion roller and an Allis Chalmers grader for the sum of $5,100. On August 12, 1953 Holland (plaintiff)[1] and Fehr and Hahn (defendants) entered into a written bailment lease under the terms of which plaintiff was to pay defendants as rental for the grader and roller the sum of $5,100, $2,100 of which was to be paid upon execution of the lease and the balance of $3,000 to be paid in twelve monthly installments of $250 each. *The lease did not set forth the date of each month when the monthly installments were to be paid by plaintiff.* However, the lease did recite that a note was to be executed and delivered by the plaintiff to the defendants "upon the execution of [the] lease as evidence of and collateral security for the obligation to pay the rental . . .". On the same date plaintiff executed and delivered to defendants both the lease and the note and paid $2,100, the down payment required under the terms of the lease. The note, signed by plaintiff, was payable to the order of the defendants in the amount of $3,000 and provided, inter alia, for payment by plaintiff of the $3,000 in twelve monthly installments of $250 each, "the first payment on September 12, 1953—interest in advance $180 and on the same date of each month thereafter until fully paid . . .".

On the same day the defendants, in writing, assigned both the lease and note to the Second National Bank of Nazareth, Pa., at the same time endorsing the note.

---

[1] Actually appellants in appeal No. 40 and appellees in appeal No. 51 are assignees of the original plaintiff in the court below.

Defendants then received $3,000 from the bank. Plaintiff received possession of the grader and roller and paid the bank $180, one year's interest in advance on the note.

On September 28, 1953 plaintiff paid the first monthly installment of $250 to the bank. On October 19, 1953 the bank mailed the following notice to the plaintiff: "According to our records your Consumer Credit Loan payment for $250 was due 10/12. Possibly this was an oversight on your part, and if so, we will appreciate your remittance by mail. If payment has been sent please accept our thanks and disregard this notice". Plaintiff received this notice in the early evening of October 20, 1953. Copies of this notice were sent by the bank to both defendants. On October 20, 1953—prior to receipt of the notice by the plaintiff— at the bank's direction—defendants seized and repossessed both the grader and roller. The next day— October 21, 1953—defendants repurchased from the bank the lease and note which were then reassigned to defendants.

On November 7, 1953 plaintiff instituted this replevin action. After issue joined the action was tried before the late Judge FRACK and a jury in the Court of Common Pleas of Northampton County. At defendant's request, the jury was instructed to render, in addition to a general verdict, a special verdict on each of two issues: (a) whether the bank's notice of October 19, 1955 to plaintiff constituted a waiver of any default in payment of the monthly installment on October 12th, 1953 and (b) whether under the terms of the lease and note plaintiff was required to make monthly payments on the 12th day of each month. The jury returned three verdicts: (1) a general verdict for plaintiff and against defendants for $5,028.75; (2) a special verdict finding that the bank's notice to

plaintiff did not constitute a waiver and (3) that the plaintiff was not required to make the monthly payment on the 12th day of each month. Defendants filed motions both for a new trial and for judgment n.o.v. Judge PALMER, for the court en banc, granted defendants' motion for a new trial but did not pass upon their motion for judgment n.o.v. Plaintiff appeals from the grant of a new trial. Defendants appeal from the refusal of a judgment n.o.v.

An examination of the record reveals the existence of such a fundamental error on the part of the trial judge as to obviate the necessity of determining any of the reasons assigned for the reversal of the court below in other respects.

Assuming, arguendo, that the defendants' position in respect to the due date of the October payment was correct,[2] the question arises whether the notice sent by the bank to plaintiff on October 19, 1953 constituted a waiver of the date of payment. The *only* evidence concerning a waiver was the writing contained in the bank's notice to the plaintiff. The trial judge submitted to the jury for its determination the question whether such writing constituted a waiver.

While ordinarily the question of waiver is a question of fact for a jury (*Cole v. Philadelphia Company,* 345 Pa. 315, 323, 26 A. 2d 920; *Batchelder v. Standard Plunger Elevator Company,* 227 Pa. 201, 207, 75 A. 1090; *Priester v. Milleman,* 161 Pa. Superior Ct. 507, 517, 55 A. 2d 540), yet, where the only evidence as to waiver is a writing, its construction and interpretation and whether or not it constitutes a waiver is a question of law for the court: *Sheesley v. Bisbee Lin-*

---

[2] This involves the adoption in entirety of the defendants' theory and a rejection of the jury's special finding that the October payment could be paid at any time during the month of October

*seed Co.,* 337 Pa. 197, 200, 10 A. 2d 401; *Corcoran for the use of Dill et al. v. The Mutual Life Insurance Company of New York,* 179 Pa. 132, 144, 36 A. 203; *Ziegenfuss v. Ziegenfuss et ux.,* 160 Pa. Superior Ct. 374, 376, 377, 51 A. 2d 508; 56 Am. Jr. §23, p. 126; 88 C.J.S. 499, 500, 501. As the Court said in *Corcoran v. The Mutual Life Insurance Company of New York,* 179 Pa. 132, supra, p. 144: "There was no ambiguity to the letter. It was plain and direct in its statements. Its construction was therefore for the court. It was a fact that might be taken into consideration by the jury that such a letter was written and its legal effect as declared by the court was to be accepted by them and acted upon, but the construction of the letter and whether it was a waiver of the stipulation in the policy were questions for the court." The submission to the jury of the interpretation of this writing and whether it constituted a waiver was clearly erroneous.

An examination of this writing—the notice of October 19th—indicates that it constituted a waiver of the time of payment due by the plaintiff on October 12, 1953. Such being the case, the failure of the plaintiff to pay to the bank this installment due under the lease and the note on October 12, 1953 was waived and there was no justification for the repossession of the roller and the grader on October 20, 1953.

The conclusion thus reached obviates any necessity for considering either plaintiff's appeal from the grant of a new trial or defendant's appeal from the refusal of judgment n.o.v. Our construction and interpretation of the notice as a waiver clearly establishes the plaintiff's right to the entry of a judgment on the verdict.

The grant of a new trial is reversed, the refusal of a judgment n.o.v. is affirmed and a judgment is directed to be entered on the verdict in favor of plaintiff.