766 P.2d 1339
**STATE of New Mexico,**
**Plaintiff–Appellant,**

v.

**Randy James BISHOP,**
**Defendant–Appellee.**

**No. 10227.**

Court of Appeals of New Mexico.

Dec. 8, 1988.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Thomas J. Mescall, Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

The state appeals from a judgment of the district court affirming an order of dismissal by the metropolitan court of the charges against defendant for driving while intoxicated and failure to yield the right-of-way, contrary to NMSA 1978, Sections 66–8–102 (Supp.1988) and 66–7–330 (Repl.Pamp.1987). Dismissal of the charges by the courts below was predicated upon findings that defendant was not timely tried within the six-month period required by former Metropolitan Court Rule 55 (now compiled as SCRA 1986, 7–506(B) (Repl.Pamp.1988)). The single issue raised on appeal is whether the lower courts correctly computed the six-month period prescribed in Metropolitan Rule 55(b). We reverse and remand.

On May 15, 1986, defendant was charged in the Bernalillo County Metropolitan Court with driving while intoxicated and failure to yield the right-of-way. Five different metropolitan judges were assigned to sit in this case. The case was set for trial seven different times. Defendant's trial was initially scheduled for August 11, 1986. Prior to the trial date, defendant sought and obtained a continuance. Defendant's motion for continuance stated that he "waives the six month rule." The order granting the continuance also recited that "[d]efendant waives the six month rule."

A new trial date was set for September 15, 1986. Defendant again requested a continuance; however, the motion was denied. Then the state, over defendant's objection, moved for a continuance of the September 15 trial date. The trial court granted the continuance and reset the case for September 29, 1986. On September 29 the judge to whom the case had been assigned entered a recusal. A trial date was scheduled for November 10, 1986, before a different judge; however, that judge also recused himself. Another trial date was set for November 24, 1986. Defendant disqualified the next designated judge, resulting in a six-day delay before a new trial date could be set. The trial was next rescheduled for December 1, 1986, before another judge. On the day of this trial setting defendant's motion to dismiss the complaint was denied, but the state was ordered to amend the complaint. The case was reset for trial on December 15, 1986, before Judge Ben Chavez. On the day of trial the court granted defendant's motion to dismiss the complaint based on the state's failure to prosecute the case within the six-month time limitation specified in Rule 7–506(B).

The state then appealed from the dismissal of the charges to the district court. After a hearing on January 13, 1987, the district court remanded the case to the metropolitan court for entry of findings of fact and conclusions of law and for computation of the critical time periods. The

metropolitan court adopted findings that, excluding the 35–day delay caused by the continuance granted in response to defendant's motion, the December 15 trial date was the 181st day after the filing of the complaint and concluded that the case against defendant had been pending for more than six months from the date of the filing of the complaint, thus requiring· dismissal. The district court, relying on the findings and conclusions of the metropolitan court, affirmed dismissal of the charges against defendant.

PROPRIETY OF DISMISSAL

On appeal the state challenges the computations relied on by the metropolitan and district courts and their determination that the prosecution had failed to bring the case to trial within the six-month period specified by Rule 7–506. Specifically, the state questions (A) whether the term "six months" contained in Rule 7–506 means six calendar months or 180 days; (B) whether the date on which the complaint was filed should be included in calculating the six-month period prescribed under the rule; and (C) whether the initial continuance obtained by defendant had the effect of waiving the six-month time requirement.

(A) Metropolitan Criminal Procedure Court Rule 7–506(B) is identical to former Metropolitan Court Criminal Rule 55(b) and provides in applicable part that

> *Any criminal charge within metropolitan court trial jurisdiction which is pending for six (6) months* from the date of the arrest of the defendant or the filing of a complaint or citation * * * whichever occurs later, *without commencement of a trial * * * shall be dismissed with prejudice unless, after a hearing, the judge finds that the defendant was responsible for the failure of the court to commence trial.* [Emphasis added.]

Former Metropolitan Court Rule 71(j) (now compiled as SCRA 1986, 7–703(J) (Repl.Pamp.1988)) contains similar language specifying that following the appeal of any criminal proceeding from the metropolitan court to the district court, the "district court shall try the appeal within six (6) months after the filing of the notice of appeal." Determination of the meaning of the term "month" as contained in former Metropolitan Rule 55(b) is an issue of first impression.

■ The state urges that, absent a specific definition of the word "month," the term should be interpreted to mean a calendar month. We agree. Unless a contrary meaning is indicated by a rule or statute, the term "month" is generally construed to mean a calendar month. *See People v. Gilbert*, 24 Ill.2d 201, 181 N.E.2d 167 (1962) (interpreting statute requiring defendant be brought to trial within four months when defendant has not been released on bail, word "month" construed to mean calendar month); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981) (six-month time limit prescribed by statute setting commencement date for trial of criminal cases held to mean six calendar months rather than 180 days); *see also Jaritas Live Stock Co. v. Spriggs*, 42 N.M. 14, 74 P.2d 722 (1937) (interpreting former statute requiring appeals in civil cases be filed within three months of entry of final judgment, term three months held to mean three calendar months).

■ (B) Both the district and the metropolitan courts, in calculating the six-month period under Rule 55, included in their computation May 15, the day the complaint was filed against defendant. Defendant argues that former Rule 5 (now compiled as SCRA 1986, 7–104 (Repl.Pamp.1988)), is not applicable in determining whether an accused has been brought to trial within six months of the date of arrest or the filing of a complaint or citation. Defendant argues that although Rule 5(a) prescribes that in computing periods of time, the day of the act or event is normally excluded, the rule is not apposite because the six-month time period prescribed in Rule 55(b) is a specific rule which governs over the general rule.

We do not read Rule 5(a) in such a limited manner. The language of Rule 5 expressly indicates that the rule is to be applied in "computing any period of time prescribed ... by these [Metropolitan] rules"; hence, reading Rule 55 together with former Metropolitan Criminal Rule 5(a), the rule is clear that the date on which the complaint or citation is filed should not be included in the computation of the six-month time period. *Compare* SCRA 1986, 5–104 (in computing the time prescribed by the Rules of Criminal Procedure for the District Courts, the day of the act or event from which the period of time begins to run shall not be included). *See generally* Annotation, *Inclusion or Exclusion of First and Last Days in Computing the Time for Performance of an Act or Event Which Must Take Place a Certain Number of Days Before a Known Future Date,* 98 A.L.R.2d 1331 (1964).

(C) The state argues that by requesting and obtaining his initial continuance and waiving the six-month rule, defendant expressly waived his right to contest the deduction of 35 days from the computation of time under Rule 55. We do not consider the state's additional argument that defendant waived the six-month rule entirely, since it was not raised below. *See* SCRA 1986, 12–216(A). Defendant argues that even though his motion for continuance expressly waived the six-month rule, he intended only a limited waiver covering just the period of time resulting from his motion for continuance; furthermore, Rule 55(b) does not authorize any waiver or tolling of the six-month period and the rule must be strictly construed. Defendant also argues that although he was granted a continuance of the first trial setting, the continuance did not prevent a resetting of the case within the six-month time period.

Former Rule 55 is intended to implement constitutional speedy trial requirements and to expedite the flow of criminal cases through the courts, as are its counterpart rules, SCRA 1986, 6–506 (Repl.Pamp.1988) (magistrate court rule imposing six-month time period for trial of criminal cases in magistrate courts) and SCRA 1986, 5–604 (district court rule imposing six-month period for commencement of trial in criminal cases). *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972); *State v. Kilpatrick,* 104 N.M. 441, 722 P.2d 692 (Ct.App.1986); *State v. Mascarenas,* 84 N.M. 153, 500 P.2d 438 (Ct.App.1972). The supreme court has observed that the district court rule "was adopted to assure the prompt trial and disposition of criminal cases, not to effect dismissals by ... a technical application. [The rule] is to be read with common sense." *State v. Flores,* 99 N.M. 44, 46, 653 P.2d 875, 877 (1982). We believe that each of these three rules has a similar purpose and, therefore, each must be read in view of the common sense approach discussed in *Flores.*

■ Given the purpose of the magistrate court and metropolitan court rules, it is clear that they are intended to establish an additional right on behalf of a defendant to a prompt disposition of criminal charges. However, that right may be waived. *Cf. Raburn v. Nash,* 78 N.M. 385, 431 P.2d 874 (1967) (both constitutional and statutory right to a speedy trial held a personal privilege that may be waived); *State v. Vigil,* 85 N.M. 328, 512 P.2d 88 (Ct.App.1973) (dismissal of criminal charge for failure to commence trial within time requirements is not mandatory unless defendant seeks dismissal).

■ Waiver is an intentional abandonment of a known right. *State v. Boeglin,* 100 N.M. 127, 666 P.2d 1274 (Ct.App.1983). The burden of proof to establish waiver rests upon the state. *Id.* In this case, however, defendant does not dispute that his motion for continuance included an express consent to a limited waiver. Rather, he argues the rule does not permit a limited waiver. We disagree. Rule 55(b) and current Rule 7–506(B) invest the trial court with discretion to consider the factors resulting in trial delay and to weigh these factors in computing whether the six-

month period has been exceeded. Neither precludes a finding of partial waiver. Rule 55(b) indicates that criminal cases in metropolitan court shall be dismissed if trial is not commenced within six months "unless, after a hearing, the judge finds that the defendant was responsible for the failure of the court to commence trial." We construe this language as allowing a limited waiver of the six-month trial requirement.

■ As a general rule, the question of waiver is an issue for the fact finder to determine. *See Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982). Where, however, the evidence as to waiver is a written instrument, its construction and interpretation may be decided as a question of law. *See Hanover Constr. Co. v. Fehr*, 392 Pa. 199, 139 A.2d 656 (1958). We read defendant's motion as a limited waiver for the period of 35 days resulting from his requested continuance. Both the district court and the metropolitan court applied the same construction to the question of waiver. The order of the metropolitan court granting the continuance expressly noted that the defendant waived the six-month rule. Defendant has not expressly challenged this finding of waiver contained in the order.

The language of Rule 55(b) contemplates that the trial court will take into account all relevant factors and decide whether any part of the failure to hold a trial within six months was the result of defendant's actions and not caused by the prosecution. If so, then the trial court may in its discretion properly exclude from the six-month time requirement those periods of delay attributable to the defendant.

■ The fact that a defendant has requested and received a continuance does not automatically require a waiver of the running of time under Rule 7–506(B) for the period of the continuance. The determinative factor is the reason for the delay or continuance. As observed in *Mascarenas*, the "right to a speedy trial is a rela-

tive right consistent with delays." 84 N.M. at 155, 500 P.2d at 440. The essential ingredient is the orderly expedition of the criminal process. *Id.* Where a defendant causes or contributes to the delay or consents to the delay, he may not complain of a denial of that right. *Id.* Our supreme court in *Raburn* quoted with approval from *McCandless v. District Court of Polk County*, 245 Iowa 599, 61 N.W.2d 674 (1953), noting, " 'the rights given the accused by the constitution and our statutes are shields, not weapons, and being so intended by the legislature, we must give meaning to that intent.' " 78 N.M. at 387, 431 P.2d at 876.

■ The findings of fact adopted below indicated that both the metropolitan court and the district court, although correctly permitting a waiver of 35 days for the period resulting from defendant's requested continuances, nevertheless erroneously computed the number of days remaining within the six-month time limitation. The district court found, inter alia, that:

17. Defendant appeared * * * on December 15, 1986, and answered ready for trial and moved to dismiss the case for violation of Rule 55 of the Rules of Metropolitan Court for failure to prosecute within 180 days.

18. December 15, 1986, was the 181st day, cause no. CR 08055–86 was pending without having been brought to trial by the Metropolitan Court.

19. Defendant was not responsible for the failure of the Court to commence trial within 180 days.

The above findings of fact indicate that the time computations relied on below were based on the assumption that "six months" meant 180 days and that the date that the complaint was filed was to be included in the six-month period. A finding of fact which is induced by an error of law cannot stand. *Walker v. L.G. Everist, Inc.*, 102 N.M. 783, 701 P.2d 382 (Ct.App.1985).

Applying the above rules to the time periods shown by the record, commencing

the time computation on the day after the complaint was filed, and treating the 35–day period of the continuance obtained by defendant as only a limited waiver, the December 15, 1986, trial setting was within six months from the date of the filing of the charges against defendant. The order of dismissal is reversed and the cause remanded to the district court for reinstatement on the trial docket.

IT IS SO ORDERED.

MINZNER, J., concurs.

APODACA, J., concurs in part & dissents in part.

APODACA, Judge, concurring in part and dissenting in part.

I concur with the majority's determination that: (1) the phrase "six months" as used in SCRA 1986, 7–506(B) (Repl.Pamp. 1988), means six *calendar* months, as opposed to six *thirty-day* months; and (2) the day on which the complaint was filed should not be included in computing the six-month period. I disagree, however, with the holding that defendant's request for continuance somehow operated as a "partial" waiver, a term used by the majority. I also disagree with the determination that the thirty-five day delay resulting from defendant's continuance request should not be included, as a matter of law, in computing the six-month period. In my opinion, this decision was solely a matter for the trial court to consider, pursuant to the express provisions of the rule. In this regard, it should be noted that abuse of discretion is not presently an issue in this appeal. I would therefore remand the case to the trial court for a determination of whether defendant was responsible for the trial not commencing within the six-month period. I should note that the majority and I have taken divergent views on disposition of this appeal primarily, I believe, because we have each taken a different approach in formulating the issue.

The majority correctly observes that defendant's continuance request, as well as the order granting the continuance, expressly stated that defendant waived "the six-month rule." However, as the majority concedes, the state never raised the issue of waiver in the trial court and thus, that particular issue was not preserved on appeal. Although the majority acknowledges that point (at least as to an absolute or total waiver), it concludes nonetheless that the express language of both the request and the order had the effect of a "partial" waiver. Having so concluded, the majority then apparently proceeds, incorrectly, in my view, to equate waiver with the *exception* language of the rule (referred to in this dissent as the exception provision): "unless, after a hearing, the judge finds that the defendant was responsible for the failure of the court to commence trial." Referring to this phrase, the majority states: "We construe this language as allowing a limited waiver of the six-month trial requirement." Earlier in the opinion, the majority stated that "defendant does not dispute that his motion for continuance included an express consent to a limited waiver." The majority thus appears to be mixing inappropriately the concept of waiver with the exception provision. In my judgment, the concept of waiver, as discussed in the majority's opinion, and the specific provisions of the rule, are separate and distinct and should not be confused or intertwined. They stem from different concepts.

I agree that enforcement or operation of the rule, since it creates a right in a defendant, may be waived, much as a defendant is said to have waived a constitutional right, including the right to a speedy trial. But, because we are dealing with two different concepts, I believe that once it has been determined that the state failed to preserve the issue of waiver, that should be the end of that particular inquiry.

Yet, although the majority holds that the state did not preserve the issue, it resurrects it in discussing the interpretation or construction to be given to the rule. The majority also states that the order granting

the continuance "expressly noted that the defendant waived the six month rule.... Defendant has not expressly challenged this finding of waiver contained in the order." I submit that the notation referred to was not a finding of fact entered by the trial court. Besides, it was not incumbent on defendant to expressly or affirmatively challenge this "finding of waiver." Instead, it was the responsibility of the state to argue and preserve the issue. It failed to do so. As the majority points out, the burden of proof to establish waiver rests on the state. *See State v. Boeglin,* 100 N.M. 127, 666 P.2d 1274 (Ct.App.1983). The issue was never argued by the state in the trial court, much less preserved on appeal.

A determination that the state failed to preserve the issue of waiver, however, does not end the inquiry on appeal, for the exception provision of the rule remains. While the initial inquiry was whether defendant waived operation or enforcement of the rule (and the state failed to preserve this issue), the inquiry now becomes: was defendant responsible for the trial not commencing within the six-month period? This second inquiry should be considered on its own; it has absolutely nothing to do with waiver. The express language of the rule demands it.

The majority also properly concludes that the subject rule vests the trial court with discretion in considering the various factors resulting in trial delay and in weighing these factors in deciding whether the six-month period has been exceeded. I propose that this discretion is precisely involved in the trial court's determination of whether a particular defendant is responsible for failure of the trial to commence within the required period. The unequivocal language of the exception provision gives the trial court this discretion.

Having determined that the subject rule vests the trial court with this discretion, including the discretion to properly exclude from the six-month time requirement those periods of delay attributable to defendant,

the majority then determines, as a matter of law, that the thirty-five day period (the time between the trial date for which defendant obtained a continuance and the date the trial was next scheduled to commence) is attributable to defendant and should therefore not be included in calculating the six-month period. I submit that with the one hand, the majority "giveth" discretion to the trial court; with the other, it "taketh" such discretion away.

The following summary of the trial court proceedings may be of some assistance in explaining my rendition of what a proper disposition of this appeal would be. The metropolitan court entered a finding that defendant was not responsible for the trial not commencing within "180 days." It made this finding based on two false assumptions: first, by using in the computation a thirty-day month rather than a calendar month; second, by including the date on which the complaint was filed. The complaint was filed on May 15. Trial was initially scheduled to commence approximately three months later, on August 11. It was for this trial setting that defendant requested a continuance, and as a result, a new trial was scheduled on September 15, about one month later.

Query: What was the result or consequence of defendant's request for continuance being granted? The answer, I believe, is that it had the effect of postponing the trial date for only about a month, still some two months before the expiration of the six-month period. The trial setting was then rescheduled repeatedly for many reasons not attributable to defendant. I submit the trial court could find that it was these later delays, not defendant, that were responsible for the six-month period being exceeded. Is a reviewing court able to conclude from these facts alone that defendant was responsible for the trial not commencing within the six-month period? I contend we cannot on the facts of this appeal; at least, not without infringing on the trial court's function.

On the other hand, under these specific facts, the trial court could reasonably de-

termine that defendant was not responsible for the trial not commencing within the required time. In this connection, I believe the majority is reading language into the rule that simply is not there; the rule does not "speak" of a defendant being partially responsible for any portion of the delay. Instead, I believe the language should be strictly construed in favor of defendant. Besides, the express language permits the trial court, not this court, to determine the only issue that is before us on appeal: whether defendant was responsible for the trial not commencing within the six-month period. To interpret or construe the rule to permit this court to do otherwise is to invade the discretionary province of the trial court, for it has not been permitted to use its discretion in determining defendant's responsibility under the rule. As a result, abuse of discretion is not an issue before us.

In the opinion's final paragraph, the majority states that the trial setting "was *within* six months from the date of the filing of the charges against defendant." (Emphasis added.) In so concluding, the majority mischaracterizes what actually occurred. This conclusion, to me, evidences the mistaken premise on which the majority's determination rests. According to my calculations, the period from May 15 (date complaint was filed) to December 15 (date trial commenced) is a period of seven months, clearly beyond six months. The language of the rule states plainly what procedure is to be followed in the event trial has not commenced within six months, namely, a determination *by the trial court,* after a hearing, that defendant was or was not responsible for the trial not commencing within the allotted time. Stated differently, once it has been determined that trial has not commenced within the required time, this determination then triggers the trial court's task of determining defendant's responsibility, if any, for the delay.

For these reasons, I believe the proper disposition of this appeal would be to remand the case to the trial court, with instructions that it enter findings and conclusions with respect to the only issue before us: whether defendant was responsible for the trial not commencing within the allotted time. The trial court previously entered such a finding, but in so doing, improperly calculated the time period under two erroneous assumptions. I believe the trial court should be given an opportunity to discretionarily make this determination under the current guidelines noted by the majority.