888 P.2d 977

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Pablo MONTOYA, Defendant–Appellee.**

**No. 15305.**

Court of Appeals of New Mexico.

Dec. 1, 1994.

Certiorari Denied Jan. 17, 1995.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Paul J. Kennedy, Albuquerque, for defendant-appellee.

## OPINION

MINZNER, Chief Judge.

The State appeals the dismissal of the indictment against Defendant for failure to comply with the time limit in the Interstate Agreement on Detainers (IAD), NMSA 1978, § 31–5–12 (Repl.Pamp.1984). The issue is whether *State v. Shaw*, 98 N.M. 580, 651 P.2d 115 (Ct.App.1982), controls. We conclude it does not and reverse.

Defendant was indicted on June 11, 1991, on charges of aggravated assault with a deadly weapon and battery. In December 1991, the State sought and obtained an extension of time to commence trial until April 30, 1992. Trial resulted in a hung jury and a mistrial. In June and August of 1992, the State filed necessary detainer forms in order to obtain custody of Defendant, who was in federal prison in Oklahoma, for a second trial. In August 1992 the trial court set the matter for trial on October 13, 1992.

On October 7, 1992, Defendant moved the trial court for a continuance to accommodate his attorney's schedule. The motion stated that "Counsel agrees to waive all speedy trial time limitations and to apply to the Supreme Court of the State of New Mexico for an extension of the S.C.R.A. 1986, 5–604 Six Month Rule." The trial court granted Defendant's motion. The State sought and obtained a SCRA 1986, 5–604 (Repl.1992) (Rule 5–604) extension from the New Mexico Supreme Court until April 19, 1993. On January 22, 1993, the State also filed a motion for continuance under the IAD with the trial court, citing the Supreme Court Rule 5–604 extension. The trial court granted the State's motion for continuance under the IAD and extended the time limit for hearing the case under the IAD until April 19, 1993. Trial was set for April 5, 1993. But defense counsel was unavailable for that date because of a schedule conflict in federal court, and the district judge could not reset the trial before April 19. Therefore, the parties stipulated to a continuance for commencement of trial to October 19, 1993, and on April 8 the State filed an unopposed request for a second Rule 5–604 extension from the Supreme Court until October 19, 1993. This time, the Supreme Court granted an extension only until August 19, 1993. The State also obtained from the trial court an IAD extension until October 19, 1993. Trial was set for August 4, 1993.

On July 26, 1993, Defendant again moved the trial court for a continuance of the trial setting. His motion stated that his counsel was ill and did not anticipate a return to practice for some time. The motion indicated Defendant would apply for a Rule 5–604 extension. The trial court entered an order prepared by defense counsel that continued the trial scheduled for August 4, 1993, until further order, and the Supreme Court granted Defendant's Rule 5–604 extension until December 19, 1993. Neither party sought an IAD extension. The case was set for trial on December 8, 1993.

On that date, Defendant moved to dismiss the indictment on two grounds: (1) that the first trial had not been timely held under the IAD; and (2) that after October 19, 1993, there was no proper IAD continuance in effect. After hearing argument of counsel, the trial court dismissed the indictment for failure to comply with IAD time limits.

The trial court, relying on our decision in *Shaw*, determined that because the State had not applied for a continuance after October 19, 1993, the time for compliance with the IAD had run. On appeal, the State argues that there was no need for it to request a continuance because (1) Defendant had waived the time period and (2) the period was tolled by the IAD, Section 31–5–12 Article 6A because Defendant was "unable to stand trial." The State argues that the time period was waived by Defendant's obtaining a continuance until further order of the court and being granted a Rule 5–604 extension by the Supreme Court until December 19, 1993.

In *Shaw,* we specifically rejected any notion that defense motions in themselves tolled the IAD time period. We said that the IAD recognized tolling only when defendant was " 'unable to stand trial' as determined by the court (Art. 6A)." *Id.,* 98 N.M. at 585, 651 P.2d at 120. In that case, we held that the defendant's motions might provide good cause for the granting of a continuance, but that the State needed to obtain that continuance, and we would not deem Defendant's motions as consent to a continuance or waiver of the time limit.

▆ We recognize that the burden is on the State to bring Defendant to trial in a timely fashion. *State v. Mascarenas,* 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct.App. 1972) (considering constitutional right to speedy trial). The State does not, however, have the burden to ensure that Defendant is prepared for trial. If Defendant is not prepared to go to trial, he may waive the time limits and request a continuance. *State v. Bishop,* 108 N.M. 105, 108, 766 P.2d 1339, 1342 (Ct.App.1988) (construing New Mexico six-month rule). This did not happen in *Shaw.* In *Shaw,* 98 N.M. at 584–85, 651 P.2d at 119–20, the defendant filed numerous motions requiring pre-trial hearings that delayed commencement of trial, and this Court held that the time period under the IAD would not be tolled by virtue of these motions. In this case, on the other hand, Defendant filed several motions specifically requesting continuances. Thus, *Shaw* is distinguishable from the present case because here, Defendant affirmatively requested a continuance, while the defendant in *Shaw* did not. *See Brown v. Wolff,* 706 F.2d 902, 907 (9th Cir.1983) ("A prisoner may waive his IAD rights . . . if he affirmatively requests to be treated in a manner contrary to the procedures prescribed by the IAD."); *cf. State v. Harper,* 2 Neb.App. 220, 508 N.W.2d 584, 588–89 (1993) (reviewing federal case law characterizing IAD time limit as procedural rule rather than constitutional right and concluding that violation of rule must be raised prior to or during trial), *review overruled* (Jan. 26, 1994). Thus, we see no reason why a defendant who is not prepared for trial may not waive the time limits under the IAD, as well as the time limits for purposes of the speedy trial rule, by affirmatively requesting a continuance. After all, time limits are for a defendant's benefit, and he may waive them at any time. *See Bishop,* 108 N.M. at 108, 766 P.2d at 1342; *Commonwealth v. Fasano,* 6 Mass.App.Ct. 325, 375 N.E.2d 361, 366 (1978).

By analogy, our conclusion is supported by the United States Supreme Court's decision in *United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). There, the Court stated that the defendant's "failure to invoke the [IAD] in specific terms in his speedy trial motions . . . did not result in a waiver of his claim the Government violated the [IAD]." *Id.* at 364, 98 S.Ct. at 1849. The Court held that the defendant's actions in "persistently request[ing] that he be given a speedy trial" was "sufficient to put the Government and the District Court on notice of the substance of his [IAD] claim." *Id.* Thus, implicit in the *Mauro* defendant's requests for a speedy trial was his request that the government comply with the time limits of the IAD. This rationale applies equally well here. In this case, Defendant "agree[d] to waive all speedy trial time limitations and to apply to the Supreme Court of the State of New Mexico for an extension of the S.C.R.A. 1986, 5–604 Six Month Rule." Following *Mauro,* implicit in Defendant's waiver of all speedy trial time limitations was a waiver of the time limitations of the IAD. Thus, although Defendant did not specifically request a waiver of the IAD time limitations, such a waiver is implied from Defendant's waiver of all speedy trial time limitations. *See Brown,* 706 F.2d at 907 ("[B]y explicitly agreeing to a continuance of trial before the 180–day period had run and then agreeing to a further continuance up to the date of his trial . . . [defendant] acted contrary to the speedy trial provisions of the IAD."); *United States v. Odom,* 674 F.2d 228, 229–30 (4th Cir.) (trial moved by consent to three days past six-month period), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2946, 73 L.Ed.2d 1341 (1982); *Drescher v. Superior Court,* 218 Cal.App.3d 1140, 267 Cal.Rptr. 661, 666 (1990) ("By freely acquiescing in the numerous continuances of the preliminary hearing, as well as the setting of a trial date well beyond the speedy

trial period of Article IV(c), petitioner waived his statutory right to a trial within 120 days....").

We are not persuaded by Defendant's argument that he only requested an extension of the six-month rule, not the IAD. We do not understand the basis for such a contention. Why should Defendant be concerned about whether or not the six-month rule was going to run before the IAD continuance ran? Presumably he would be entitled to a dismissal of the charges against him if either time limit ran without being extended.

Further, the IAD says that the trial court may grant any necessary or reasonable continuance for good cause shown. *See* § 31–5–12, Art. 3A. Here the trial court granted a continuance of the trial setting at Defendant's request. Defendant then obtained the necessary extension from the Supreme Court until December 1993. Under such circumstances, we hold that the IAD time limit was also extended. *See Brown,* 706 F.2d at 907; *Drescher,* 267 Cal.Rptr. at 666.

■ Defendant asserts that the April 1992 trial that ended in a hung jury was also untimely, and that this untimeliness provides an alternative basis for the trial court's dismissal of the charges. In support of this contention, Defendant argues that the IAD's 180–day time restriction applied to the April 1992 trial. The record reflects that the State used a writ of habeas corpus ad prosequendum to secure Defendant's attendance at the first trial. The record contains no evidence that the State ever filed a detainer prior to the first trial; it does indicate that the State filed a detainer in June 1992, after the first trial, in order to secure Defendant's attendance at a second trial. The arguments on appeal do not give rise to a question of fact on this issue. Defendant's argument on appeal is that because a writ of habeas corpus ad prosequendum is tantamount to a detainer, the IAD applied to the April 1992 trial.

Defendant's argument runs squarely against *Mauro,* in which the Supreme Court examined the policy concerns underlying the IAD and held that writs of habeas corpus ad prosequendum will not, by themselves, invoke the protections of IAD. 436 U.S. at 349–56, 98 S.Ct. at 1841–45. Because the

State used a writ of habeas corpus ad prosequendum to obtain jurisdiction over Defendant, we hold that the IAD never applied to the April 1992 trial. We note in passing that had the State filed a detainer prior to the court's issuance of the writ of habeas corpus ad prosequendum, then, under *Mauro,* the IAD's strictures would have come into play. This is what occurred in *Moore v. Whyte,* 164 W.Va. 718, 266 S.E.2d 137 (1980), the case upon which Defendant mistakenly relies.

We reverse the trial court's dismissal of the charges against Defendant. The case is remanded to the trial court for reinstatement of the charges against Defendant.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.