**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2589
_____

GINO M. AND CATHERINE M. SABATINI,

Appellants

v.

ITS AMORE CORP., T&M DRAM CORP., AND
ALEXANDER  TARAPCHAK, III
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Nos. 05-cv-02586 and 08-cv-01544)
Magistrate Judge:  Honorable Thomas M. Blewitt

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2011
_____

Before:  FUENTES and CHAGARES, <u>Circuit Judges</u>, and POGUE, <u>Judge</u>.[1]

(Filed: December 19, 2011)

_____

OPINION
_____

_____

[1]  Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade, sitting by designation.

CHAGARES, Circuit Judge.

This appeal concerns the possession and ownership of a parking lot in South Abington, Pennsylvania owned by plaintiffs Gino and Catherine Sabatini ("Sabatini"). Sabatini brought this lawsuit against Its Amore Corp. and T&M Dram Corp. ("Amore") in December 2005, claiming that Amore breached the terms of its lease agreement and seeking to eject it from the parking lot. For the reasons that follow, we will affirm the District Court's judgments in favor of Amore.

I.

Because we write solely for the parties, we recite only those facts necessary for our decision. In June 2004, Amore purchased a restaurant from Sabatini. Adjacent to the restaurant was a parking lot that the Pennsylvania Power & Light Company ("PP&L") owned and sub-leased to Sabatini. Because the parking lot was essential to running the restaurant, Alexander Tarapchak, Amore's President, insisted on the following addendum to the sale agreement between Sabatini and Tarapchak ("the Addendum"):

> The Sale is contingent upon the assignment of sub-lease of the PP&L Lease Agreement in effect as of the date hereof, or of the sale or right to use the real property which is the subject of the PP&L Lease Agreement referenced herein. If Seller purchases PP&L property, and subsequently sells PP&L property to Buyer, sale price to Buyer will be identical to Seller's purchase price.

Appendix ("App.") 172.

On the same day as the restaurant sale, Sabatini purchased the parking lot from PP&L for $100,000. Shortly thereafter, in February 2005, Sabatini and Amore entered into a lease agreement ("the Lease") which provided that Amore would lease the parking

2

lot from Sabatini for five years.  In pertinent part, the Lease declared that Amore would "not modify or construct improvements on the Leased Premises without prior written permission of the Lessor."  App. 176.  The Lease also gave Amore an option to purchase the parking lot for $100,000 upon expiration of the term of the Lease or upon full satisfaction, provided that Amore fulfilled all of its obligations under the Lease and there was no event of default or termination for cause.  App. 178–179.

In the summer and fall of 2005, Amore made some significant changes to the parking lot.  It removed the landscaped islands, filled in the detention pond, and removed the crown vetch from the front embankment of the lot.  In response, in October 2005, Sabatini notified Amore that it was in default of the Lease because it made those changes without Sabatini's written permission.  After the period for curing the default came and went, Sabatini terminated the Lease, refused to allow Amore to exercise his option to purchase the parking lot, and brought this suit for ejectment.  In its defense, Amore claimed that Sabatini had waived its right to terminate the Lease by (1) orally approving the modifications to the parking lot in a conversation with Tarapchak in June 2005, and (2) failing to object to the changes until after they were completed, despite knowledge that they were taking place as early as June 2005.

The procedural history of this case is lengthy:  the case stretched for four and one-half years and past the date on which the Lease expired in June 2009.  The District Court issued five opinions relevant to this appeal.  First, in November 2007, United States

3

District Judge Richard P. Conaboy found that Amore had breached the Lease and granted Sabatini's motion for partial summary judgment.[2]

Second, in August 2008, the District Court allowed Amore's motion for reconsideration due to new evidence and to avoid manifest injustice. The new evidence produced by Amore included the Addendum and evidence that Sabatini had misrepresented its ownership of the parking lot to the Town of Abington when applying for a permit to build the restaurant in 1996. Although the "new" evidence was not new and did not warrant reconsideration, the District Court concluded that a refusal to reconsider would result in manifest injustice. Upon reconsideration, the District Court found that there were genuine issues of material fact relating to whether Amore had materially breached the Lease. At around the same time, Amore and Tarapchak sued Sabatini, claiming that the Addendum gave them a right to purchase the parking lot from Sabatini. The cases were consolidated for trial and the parties consented to proceeding thereafter before a United States Magistrate Judge.

Third, in anticipation of trial, United States Magistrate Judge Thomas M. Blewitt denied Sabatini's motion in limine to preclude Tarapchak from testifying that Sabatini orally approved of the changes to the parking lot. Fourth, the Court denied Sabatini's motion for leave to file a supplemental complaint in which it sought to allege that the ejectment issue was moot because the Lease had expired in June 2009. Finally, after the

---

[2] The ruling was for partial summary judgment because it did not resolve Amore's counterclaim relating to a Pennsylvania Department of Transportation highway advertising sign on the parking lot property. The District Court later entered a judgment as a matter of law for Sabatini on the counterclaim. App. 595.

4

jury found that Amore had not breached the Lease and had a right to purchase the property from Sabatini for $100,000, the District Court denied Sabatini's motion for a judgment as a matter of law or, in the alternative, for a new trial.

Sabatini appeals the grant of Amore's motion for reconsideration, the denial of Sabatini's motions for a judgment as a matter of law, for a new trial, and for leave to file a supplemental complaint, and the final judgment entered in favor of Amore on October 16, 2009.

## II.

The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## III.

We first hold that the District Court did not abuse its discretion in choosing to reconsider its decision on Sabatini's motion for partial summary judgment. Generally, a decision on a motion for reconsideration is reviewed for an abuse of discretion. United States v. Herrold, 962 F.2d 1131, 1136 (3d Cir. 1992). A Federal Rule of Civil Procedure 59(e) motion for reconsideration must be based on one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence . . .; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Given the new information and argument that Amore presented in its motion for reconsideration, it was within the District Court's discretion to question its earlier conclusion that Amore's default was not innocent or inadvertent and to reconsider its

5

ruling in order to avoid manifest injustice. Amore asserted that the changes it made to the parking lot were approved by the Town of Abington as part of Sabatini's original land development plan and that it did not make any changes to the lot after Sabatini sent the notice of default. Amore also pointed out that, due to the Town's parking space requirement of one parking space for every 1.5 seats in a restaurant, the termination of the Lease would significantly hinder the operation of its restaurant. When combined with Amore's allegations that Sabatini had failed to object to the changes to the lot until well after it learned of them, it was appropriate for the District Court to hold that terminating the Lease as a matter of law would result in manifest injustice.

We also conclude that, upon reconsideration, the District Court properly reversed its grant of Sabatini's motion for partial summary judgment. In reviewing a grant or denial of a motion for reconsideration, we exercise plenary review over the District Court's underlying legal determinations and review its factual findings for clear error. Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). The underlying judgment in this case is the District Court's denial of Sabatini's motion for partial summary judgment. In reviewing the District Court's ruling on a motion for summary judgment, we are "required to apply the same test the district court should have utilized initially." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quotation marks omitted). Summary judgment is appropriate when the Court concludes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether such relief is warranted, "[t]he evidence of the non-movant is to be believed, and all justifiable

6

inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Upon review of its earlier ruling, the District Court correctly held that there were material factual disputes that would be best resolved by a finder of fact. First, there were genuine issues of material fact relating to whether Sabatini waived its right to terminate the Lease due to Amore's modifications to the parking lot. In a diversity case, we "are required to apply the substantive law of the state whose laws govern the action." Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990). In Pennsylvania,[3]

> [w]aiver is a voluntary and intentional abandonment or relinquishment of a known right. Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.

Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assoc. Ltd. P'ship, 610 A.2d 499, 501 (Pa. Super. Ct. 1992) (citations omitted); Den–Tal–Ez, Inc. v. Siemens Capital Corp., 566 A.2d 1214, 1223 (Pa. Super. Ct. 1989) ("An implied waiver exists when there is either an unexpressed intention to waive, which may be clearly inferred from the circumstances, or no such intention in fact to waive, but conduct which misleads one of the parties into a reasonable belief that a provision of the contract has been waived."). Ordinarily, the question of waiver is a question of fact for a jury. Hanover Const. Co. to Use of Ede v. Fehr, 139 A.2d 656, 658 (Pa. 1958).

---

[3]  The parties agree that Pennsylvania law applies in this case, as do we.

7

There was certainly enough evidence of waiver in the case <u>sub judice</u> to put the question to the jury. In particular, there was evidence that Gino Sabatini knew and approved of the changes that Amore was making to the parking lot in June 2005 and did not protest the changes until October 2005.[4] Because Sabatini denied knowing that the modifications were taking place and approving of the modifications, there were genuine issues of material fact with respect to the issue of waiver of the contract provision prohibiting modifications.

We also conclude that the District Court correctly held that there were genuine issues of material fact relating to whether Amore's default was material and whether the doctrine of substantial performance applied. Only a material breach of a contract by one party discharges the other party of liability under the contract. <u>Widmer Eng'g, Inc. v. Dufalla</u>, 837 A.2d 459, 467 (Pa. Super. Ct. 2003). "For a breach to be material, it must go to the essence of the contract." <u>Norfolk S. Ry. Co. v. Basell USA Inc.</u>, 512 F.3d 86, 92 (3d Cir. 2008). Materiality of a breach is a question of fact. <u>Id.</u> at 91.

---

[4] Sabatini argues that the Statute of Frauds should have barred the admission of evidence that Gino Sabatini orally approved of the parking lot construction. Indeed, oral modifications to a written agreement are possible only where the Statute of Frauds does not apply. <u>Brown, to Use of Par Bond & Mortg. Co. v. Aiken</u>, 198 A. 441, 447–448 (Pa. 1938) ("The rule that when a contract is required by the statute of frauds to be in writing its terms cannot be orally modified is well settled."); <u>Target Sportswear, Inc. v. Clearfield Found.</u>, 474 A.2d 1142, 1149–50 (Pa. Super. Ct. 1984). The Pennsylvania Statute of Frauds requires that leases of real property be in writing. 33 Pa. Cons. Stat. § 1; <u>see also</u> 68 Pa. Cons. Stat. § 250.202. Thus, in this case, the Statute of Frauds proscribed oral modification of the Lease. Nevertheless, although Tarapchak's testimony could not be used to prove that the parties orally modified the Lease, it was relevant to whether Amore's default was material and to the question of waiver. Thus, the District Court did not abuse its discretion in admitting the testimony.

8

If the nonperforming party has substantially performed its obligations under the contract, then the nonperformance is not considered to be material. See First Mortg. Co. of Pa. v. Carter, 452 A.2d 835, 837 (Pa. Super. Ct. 1982). The equitable doctrine of substantial performance is

> intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent or unimportant omissions or defects.

Id. The Pennsylvania courts have looked to five factors to evaluate whether the doctrine of substantial performance should be applied:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
>
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Dufalla, 837 A.2d at 468 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 241 (1981)). Analysis of these factors inevitably requires the resolution of factual disputes, especially with respect to the credibility of witnesses. Hence, this Court has stated that "determining whether a breach is material on summary judgment is inherently

9

problematic where . . . the materiality analysis may well turn on subjective assessments as to the state of mind of the respective parties." Norfolk S. Ry. Co., 512 F.3d at 96.

In the case at bar, as the District Court explained, there were ample factual questions that informed whether Amore substantially performed its obligations under the contract. Among other things, there were disputes over whether (1) Sabatini orally approved of the changes that Amore made to the parking lot and, thereby, misled Amore into believing that the changes would not result in a termination of the Lease, (2) Sabatini suffered any harm from the changes that Amore made to the parking lot, and (3) the parties "faithfully and honestly endeavored to perform their contracts in all material and substantial particulars". First Mortg. Co. of Pa., 452 A.2d at 837. Thus, the District Court correctly let the jury decide whether Amore's breach was material.

IV.

We also conclude that the District Court appropriately denied Sabatini's motion for a judgment as a matter of law or, in the alternative, for a new trial. We exercise plenary review of a ruling on a motion for a judgment as a matter of law. Curley v. Klem, 499 F.3d 199, 205 (3d Cir. 2007). There is a high standard for overturning a jury verdict on a motion for a judgment as a matter of law. Legal questions are reviewed de novo and the jury's factual findings "are reviewed to determine whether the evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict." Intermilo, Inc. v. I.P. Enters., Inc., 19 F.3d 890, 892 (3d Cir. 1994). With respect to a decision on a motion for a new trial, factual determinations are reviewed for abuse of discretion and legal conclusions are reviewed de novo. McKenna v. City of

10

<u>Phila.</u>, 582 F.3d 447, 460 (3d Cir. 2009). The District Court may order a new trial if, <u>inter</u> <u>alia</u>, the verdict was against the weight of the evidence or if the court committed a significant error of law to the prejudice of the moving party. <u>Maylie v. Nat'l R.R. Passenger Corp.</u>, 791 F. Supp. 477, 480 (E.D. Pa. 1992).

The jurors answered Special Verdict Interrogatories 1, 4, and 5. We will review each in turn. Special Verdict Interrogatory 1 asked whether Amore was in breach of the Lease. We hold that the jury's finding that Amore had not breached the Lease was supported by the evidence because the jury could have reasonably found that Sabatini had waived its right to enforce the Lease's prohibition of changes to the parking lot. In addition to the alleged oral approval of those changes, there was other evidence from which a reasonable jury could have found that Sabatini waived that right. For instance, in August 2005, Gino Sabatini took a photograph of the landscaping being done to the parking lot. It was not until October 2005, however, that Sabatini notified Amore that it was violating the Lease. There was, therefore, sufficient evidence for the jury to reasonably conclude that Sabatini had waived its right to enforce the requirement in the Lease that written permission be given for any alterations to the parking lot, and that, as a result, Amore did not breach the Lease. We hold, therefore, that the jury's verdict was supported by the evidence and did not warrant either a reversal or a new trial.

There was also sufficient evidence of substantial performance from which the jury could reasonably find that Amore had not materially breached the Lease. With respect to the first Restatement factor, it is undisputed that Amore paid Sabatini all rental payments due. Thus, Sabatini was not deprived of the major (and arguably only) benefit that it

11

expected from the Lease. With respect to the second and third Restatement factors, forfeiture of Amore's option to purchase in the Lease would be wholly disproportionate to the harm suffered by Sabatini. The cost to Amore would be a significant reduction in the value of its restaurant, whereas there is no evidence that Sabatini suffered any harm at all. Relevant to the fourth factor is Sabatini's failure to seek the alternative remedy of restoring the parking lot to its original condition, instead of the drastic remedy of forfeiture. Finally, there was evidence and testimony indicating that Amore complied with the standards of good faith and fair dealing.

Sabatini also argues that Special Verdict Interrogatories 4 and 5 should not have been submitted to the jury and that the District Court should have held, as a matter of law, that Amore did not have a right to purchase the parking lot from Sabatini. Despite its finding that Sabatini had failed to object properly to those interrogatories when they were being created, the District Court addressed Sabatini's arguments in its ruling on the motion for a judgment as a matter of law. Because that ruling is the subject of this appeal, we will review the District Court's opinion with respect to Special Verdict Interrogatories 4 and 5 despite the apparent waiver.

Special Verdict Interrogatory 4 asked the jury whether Amore was entitled to purchase the parking lot from Sabatini for $100,000 and the jury answered in the affirmative. Sabatini argues that it was improper to send that question to the jury because Amore did not seek such relief in its pleadings. Amore's failure to argue in its complaint that the Lease entitled it to purchase the parking lot does not preclude the Court from giving the jury the option of awarding it. Fed. R. Civ. P. 54(c) provides, in pertinent part,

12

that "every . . . final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." This Court has held that, due to Fed. R. Civ. P. 54(c), relief may be based on a theory of relief not found in the pleadings if that theory was "tried with the express or implied consent of the parties." Evans Prods. Co. v. W. Am. Ins. Co., 736 F.2d 920, 923–924 (3d Cir. 1984) (citations omitted).

In this case, the question of whether the Lease gave Amore an option to purchase the parking lot was unquestionably litigated with the consent of the parties. The option in the Lease was discussed at trial and in the parties' memoranda. In its trial brief, Sabatini acknowledged that Amore claimed a right to purchase the parking lot based on both the Addendum and the Lease. In addition, Sabatini's failure to voluntarily dismiss its lawsuit even after the Lease had expired reveals that the relief Sabatini actually sought was to prevent Amore from exercising its option to purchase the parking lot. Given the unique circumstances of this case, we conclude that it was appropriate for the District Court to ask the jury whether Amore was entitled to purchase the parking lot.

Special Verdict Interrogatory 5 asked the jury to decide whether the Addendum gave Amore the right to purchase the parking lot and the jury again answered in the affirmative. We conclude, however, that the Addendum is unambiguous and that the District Court should not have let the jury decide its meaning. "While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact." Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004). "A contract is ambiguous if it is reasonably susceptible of different constructions and capable

13

of being understood in more than one sense." Id. Although the parties advocate for opposite interpretations, only Sabatini's interpretation is reasonable. The Addendum clearly states that the sale of the restaurant is contingent upon Tarapchak having a right to the "assignment . . . of the sale or right to use the real property." Thus, the Addendum requires that Sabatini either sell the parking lot to Amore, or assign Amore a right to use the property. The Addendum is sufficiently clear for the Court to interpret its meaning and the question should not have been posed to the finder of fact.

Nevertheless, the error was harmless because, in Special Verdict Interrogatories 1 and 4, the jury found that Amore did not breach the Lease and had a right to purchase the parking lot. "For purposes of harmless error analysis . . . we ask whether it is highly probable that the error did not affect the result." Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 420 (3d Cir. 2006). In this case, the error did not affect the outcome of the case and, as such, does not warrant a reversal of the District Court's judgment. We have also considered Sabatini's remaining arguments and find that they are without merit. Thus, the District Court's judgment of October 16, 2009 will be affirmed.

V.

Finally, we hold that the District Court did not abuse its discretion in denying Sabatini's motion for leave to file a supplemental complaint. The denial of a motion to for leave to amend or supplement a complaint is reviewed for abuse of discretion. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 73 (3d Cir. 2010). Here, the District Court allowed Sabatini to present evidence at trial that the Lease had expired on

14

June 18, 2009 and to argue that Amore did not have a right to possess the parking lot after that date. Thus, Sabatini's proposed supplemental complaint was unnecessary and the District Court did not abuse its discretion in denying Sabatini's motion.

VI.

For the foregoing reasons, we will affirm the judgment of the District Court.